■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT STOVENS, Also Known as ALBERT STOVER, Also Known as ALBERT C. STROTHER, Appellant. [655 NYS2d 361] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered January 26, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

Defendant's contention that the court erred in closing the courtroom during the testimony of the undercover officer is unpreserved since he failed to raise any of the arguments he now raises on appeal, and is, in any event, without merit (*People v Lugo*, 233 AD2d 197). The undercover officer's testimony established that he expected to return to the specific area of defendant's arrest in an undercover capacity, that he still had pending cases from prior arrests made in that area, that he reasonably feared for his safety if his identity were revealed, that he had received threats from drug dealers in the past, and that defendant and his codefendant, in previous arrests, had given addresses in the vicinity of the area where the instant arrest took place and had been previously arrested in that area (*People v Abdul-Aziz*, 216 AD2d 77, *lv denied* 86 NY2d 788). Concur—Milonas, J. P., Ellerin, Wallach and Nardelli, JJ.

■ In the Matter of EDWARD L., a Person Alleged to be a Juvenile Delinquent, Appellant. [655 NYS2d 358] —Order of disposition, Family Court, New York County (Mary Bednar, J.), entered on or about January 26, 1996, which adjudicated respondent a juvenile delinquent, upon a fact-finding determination that respondent had committed an act which, if committed by an adult, would constitute the crime of criminal sale of a controlled substance in the third degree, and placed him in the custody of the Division for Youth for a period of 18 months, unanimously affirmed, without costs.

Respondent's suppression motion was properly denied. The undercover officer's description of a drug seller, which included the seller's approximate height and weight, the particular clothing he was wearing, and his location, was sufficiently specific and accurate to enable the arresting officer to conclude the respondent was the individual described (*People v Chiari*, 220 AD2d 316, *lv denied* 87 NY2d 899). We have reviewed respondent's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Wallach and Nardelli, JJ.