■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TAYLOR, Appellant. [667 NYS2d 909] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered May 4, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (People v Bleakley, 69 NY2d 490). The evidence showed that defendant asked the undercover officer how many glassines he wanted, and then directed the undercover to his brother, who delivered one glassine of heroin to the undercover in exchange for $10 in prerecorded currency. Defendant and his brother then engaged in brief hand-to-hand contact with an unapprehended male,

who ran away as soon as he observed other officers arrest defendant and his brother. Thus, the limited testimony regarding typical roles played by participants in street-level drug sales was admissible to explain the absence of prerecorded buy money on defendant and his brother at the time of their arrest (*People v Kelsey*, 194 AD2d 248, 252). The People's theory that the money was handed off to a third person was grounded in the evidence (*see, People v Colon*, 238 AD2d 18).

The challenged portions of the People's summation do not warrant reversal (*see, People v Overlee*, 236 AD2d 133; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.