■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZACK ARMOND, Appellant. [672 NYS2d 726] —Judgment, Supreme

Court, New York County (Bernard Fried, J.), rendered November 13, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant has failed to preserve by specific objection his claim regarding the propriety of closure of the courtroom during the undercover officer's trial testimony (*People v Stovens*, 237 AD2d 154, *lv denied* 89 NY2d 1101), and we decline to review it in the interest of justice. Were we to review it, we would find that the officer's *Hinton* hearing testimony that he continued to work in an undercover capacity within the confines of the Manhattan South Command, including several specified precincts; that he anticipated returning to work in the same location where the subject sale occurred during the remaining 18-month period of his undercover assignment; that he had last worked at that location only two months earlier; and that he had 40 open narcotics cases all of which emanated from the same sales location, established the necessary spatial and temporal relationship among the courthouse, the arrest location and the anticipated geographic location of the officer's future investigative work to justify closure (*People v Ramos*, 90 NY2d 490, *cert denied sub nom. Ayala v New York*, 522 US 1002; *People v Pepe*, 235 AD2d 221, *lv denied* 89 NY2d 1039).

We have considered defendant's remaining contention and find it to be unpreserved and without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.