■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MARCIA, Appellant. [678 NYS2d 265] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered May 23, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as second felony offender, to a term of 10 to 20 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 6 to 12 years, and otherwise affirmed.

The verdict was not against the weight of the evidence. Contrary to defendant's argument, we find the evidence of defendant's identity to be overwhelming. Defendant's claim that testimony concerning the arresting officer's recorded description of defendant's attire at the time of his arrest constituted improper bolstering is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would find that in view of the overwhelming evidence of defendant's guilt, any such error would have been harmless.

The court properly exercised its discretion by limiting speculative cross-examination of the officers regarding insufficiently related drug sales (*see, People v Hudy*, 73 NY2d 40, 56; *People v Gonzalez*, 189 AD2d 701, *lv denied* 81 NY2d 971).

We find the sentence excessive to the extent indicated. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SMITH, Appellant. [679 NYS2d 810] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered September 28, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

Limited expert testimony was permissible to explain the absence of buy money on defendant after the sale, since there was evidence upon which to infer the existence of possible accomplices (*compare, People v Taylor*, 247 AD2d 277, *lv denied* 91 NY2d 978, *with People v Colon*, 238 AD2d 18, *appeal dismissed* 92 NY2d 909).

The isolated comment by the prosecutor during summation concerning the reasons that the arresting officer did not search the individual standing in proximity to defendant could not have deprived defendant of a fair trial.

We have considered and rejected defendant's remaining arguments. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.