■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN COLLINS, JR., Appellant. [682 NYS2d 124] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered June 25, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant was not deprived of a fair trial as a result of the court's modification of its initial ruling made pursuant to *People v Sandoval* (34 NY2d 371). Defendant's conviction for possession of a large quantity of drugs was properly elicited when defendant opened the door through his misleading direct testimony, disclaiming any involvement in the sale of drugs (*see, People v Fardan*, 82 NY2d 638, 646). Reversal is not warranted by the prosecutor's minor violation of the revised *Sandoval* ruling in view of the court's prompt response after defendant's objection (*see, People v Scoggins*, 227 AD2d 204, 205, *lv denied* 88 NY2d 994).

By objecting on different grounds (*see, People v Graves*, 85 NY2d 1024), defendant failed to preserve his current claim that there was no factual basis for testimony of police witnesses, describing the roles of participants in, and terms used to describe, a typical drug transaction, and we decline to review it in the interest of justice. Were we to review this claim, we would find that this testimony was properly admitted because there was evidence from which the jury could reasonably infer that defendant had one or more accomplices, hidden indoors, from the undercover officer's view (*see, People v Taylor*, 247 AD2d 277, *lv denied* 91 NY2d 978).

The court's order closing the courtroom during the undercover officer's testimony to anyone except defendant's family

was appropriate, because defendant, while referring to "friends", did not specify any individuals he wished to be present, and thus the court had no occasion to rule on whether they posed a threat to the officer (*see, People v Martinez*, 82 NY2d 436, 443). The record fails to support defendant's claim that the court deprived him of the opportunity to be more specific. Concur—Nardelli, J. P., Wallach, Tom and Andrias, JJ.