■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAHEEM ALLAH, Also Known as LEWIS ALLAH, Also Known as JAMES WAHEEM, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAHEEM ALLAH, Also Known as LEWIS ALLAH, Also Known as JAMES WAHEEM, Appellant. [680 NYS2d 211] —Judgment, Supreme Court, New York County (Rena

Uviller, J.), rendered July 15, 1993, convicting defendant, upon his plea of guilty, of bail jumping in the second degree, and sentencing him to a conditional discharge, and judgment, same court (Alvin Schlesinger, J.), rendered April 11, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Since the record establishes that defendant knowingly, voluntarily and intelligently relinquished his rights by pleading guilty, belying his unsupported claims, *inter alia*, of coercion and ineffective assistance of counsel, the court properly denied his motion to vacate his plea (*People v Harris*, 61 NY2d 9; *People v Coco*, 220 AD2d 312, *lv denied* 86 NY2d 872).

Defendant's remaining contentions with respect to his conviction upon his plea of guilty are unpreserved and/or waived by operation of his plea.

The trial court properly ordered closure of the courtroom during the trial testimony of the undercover officer. The People made a sufficient showing, including spatial connection between the officer's continuing operations and the location of the arrest (*see, People v Armond*, 251 AD2d 80; *People v Pena*, 240 AD2d 206).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility were properly considered by the jury and we see no reason to disturb its findings.

We reject defendant's claim that the court made improper comments and displayed bias against defendant in its conduct. The court's interruption of the *pro se* defendant during his questioning of witnesses was appropriate, since the court properly limited cross-examination that was repetitive and irrelevant (*see, People v Zabrocky*, 26 NY2d 530).

The court properly refused to instruct the jury with respect to agency and entrapment since the evidence failed to support the submission of such defenses (*People v Herring*, 83 NY2d 780; *People v Brown*, 82 NY2d 869).

Defendant's remaining contentions with respect to his conviction after trial are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would reject them. Concur—Nardelli, J. P., Rubin, Tom and Mazzarelli, JJ.