■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SHEPPARD, Appellant. [684 NYS2d 518] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), rendered April 16, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as second felony offender, to a term of 12½ to 25 years, unanimously modified, as a matter of discretion, in the interest of justice, by reducing defendant's sentence to a term of 6 to 12 years, and otherwise affirmed.

None of defendant's claims concerning the court's closure of the courtroom during the undercover officer's testimony warrant reversal. The People adduced sufficient proof to warrant exclusion of the general public, including a sufficient showing that the precise location of defendant's arrest was targeted for future operations likely to involve the officer (People v Armond, 251 AD2d 80, lv denied 92 NY2d 893). Since the general public was properly excluded, the niece of one of defendant's attorneys was likewise properly excluded. We reject defendant's claim

that his family was improperly excluded. At the time of the *Hinton* hearing, the court was not apprised by defendant, and had no other reason to know, that defendant's family wished to attend the trial, and thus the court had no occasion to rule on whether any family members posed a threat to the officer (*see, People v Collins*, 254 AD2d 154), and defendant did not seek to reopen the *Hinton* hearing when family members subsequently appeared in court. The record fails to support defendant's claim that the family was still excluded during the second day of the officer's testimony, after the issue of their attendance was finally brought to the court's attention.

The court's *Sandoval* ruling was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 459). The convictions in question were highly relevant to credibility and not temporally remote.

The challenged aspects of the court's conduct did not deprive defendant of a fair trial. Most of the challenged conduct occurred outside the presence of the jury, and the court's instructions prevented any possible prejudice resulting from the remainder (*see, People v Gonzalez*, 38 NY2d 208).

We find the sentence excessive to the extent indicated.

We have considered and rejected defendant's remaining arguments. Concur—Sullivan, J. P., Lerner, Rubin and Tom, JJ.