■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DAVID BOOTH, Appellant. [697 NYS2d 636] —Appeal by the defendant from a judgment of the Supreme Court, Queens County
(Fisher, J.), rendered September 10, 1996, convicting him of attempted rape in the first degree and sexual abuse in the first
degree (two counts), upon a jury verdict, and imposing
sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his
claim that the prosecutor violated the court's *Sandoval* ruling
(*see, People v Sandoval,* 34 NY2d 371) by questioning him
regarding a false response he gave on an employment application, since the defendant's objection to the inquiry did not raise
this precise issue (*see,* CPL 470.05 [2]; *People v Graves,* 85 NY2d
1024; *People v Collins,* 254 AD2d 154). In any event, the subject
matter of the questioning did not violate the court's *Sandoval*

ruling, nor did it warrant the giving of separate or additional prior notice pursuant to CPL 240.43.

The defendant's contention that several alleged instances of prosecutorial misconduct occurred during cross-examination is not preserved for appellate review, inasmuch as he failed to register timely, specific objections to the prosecutor's statements or to the curative instructions provided by the court (*see, People v Heide,* 84 NY2d 943; *People v Tevaha,* 84 NY2d 879; *People v Fleming,* 70 NY2d 947).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.