■ In the Matter of MARY H., Respondent, v HELEN P. et al., Appellants.—In a custody proceeding pursuant to Family Court Act article 6, the appeal is from a dispositional order of the Family Court, Queens County (Thorpe, J.), dated June 26, 1985, which, after a fact-finding hearing, awarded custody of the child to the petitioner, the natural mother.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing to determine a custody award based upon the best interests of the child. The child shall be returned to the custody of the appellants in the interim.

We conclude, contrary to the determination of the Family Court, that the evidence presented at the hearing compels a finding of "extraordinary circumstances" (Matter of Bennett v Jeffreys, 40 NY2d 543, 548), and that a new hearing is therefore required to determine a custody award based upon the best interests of the child (see, Matter of Male Infant L., 61 NY2d 420, 427; Matter of Bennett v Jeffreys, supra, at 544). The evidence demonstrated that Karen P., the subject of the

instant custody proceeding, was born out of wedlock in September 1977. The petitioner, her natural mother, subsequently admitted to allegations of child abuse, and on June 16, 1978, Karen was placed with the Commissioner of Social Services. The agency, in turn, placed the child with the appellants, her maternal great aunt and uncle. The petitioner, however, did not request visitation privileges until February 1982. The appellants are indisputably the psychological parents of the child. The evaluations of the two court-appointed psychiatrists, moreover, indicated a risk of psychological and physical trauma to the child upon her prospective return to the petitioner's family. Accordingly, the evidence amply demonstrated the requisite "extraordinary circumstances" *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 548, *supra)* based upon the prolonged separation between Karen and the petitioner, the psychological bonding of the appellants and the child, and the potential risk of harm to the child upon her return to the petitioner *(cf., Matter of Nadia Kay R.,* 125 AD2d 674; *Matter of William I. v Schenectady County Dept. of Social Servs.,* 102 AD2d 482, *appeal dismissed* 63 NY2d 771; *Matter of Merritt v Way,* 85 AD2d 666, *affd* 58 NY2d 850).

The appellants' remaining contention on this appeal is without merit. Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.