■ In the Matter of DEBORAH KRESLEIN, Respondent, v PATRICIA HANLEY, Appellant.—In a child custody proceeding pursuant to Family Court Act article 6, the appeal is from a dispositional order of the Family Court, Westchester County (Scancarelli, J.), entered March 24, 1988, which, after a fact-finding hearing, awarded custody of the child to the petitioner, the natural mother of the child.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is denied, the appellant is awarded custody of the child, and the matter is remitted to the Family Court, Westchester County, for a hearing to determine the petitioner's visitation rights.

We find, contrary to the conclusion of the Family Court, that the evidence presented at the hearing compels a finding of "extraordinary circumstances" *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 548; *Matter of Mary H. v Helen P.,* 131 AD2d 571), and that the award by the Family Court of custody to the petitioner, the natural mother, is contrary to the best interests of the child.

The evidence demonstrated that the petitioner relinquished custody of her child to the appellant approximately one month after his birth out of wedlock in July of 1979. Thereafter, a period of almost eight years elapsed prior to the commencement of the petitioner's proceeding to regain custody of the child, during which time the appellant, who is the child's legal guardian, was the child's primary caretaker. The record reveals that although the petitioner suffered from a psychologi-

cal disability resulting in a series of relatively brief hospitalizations for suicidal feelings between the years of 1979 and 1987, the petitioner made no attempt to secure custody of the child until the filing of the instant petition in 1987. Indeed, as late as 1986, the petitioner had urged the appellant to formally adopt the child since she felt herself incapable of caring for him.

It was further established at the hearing that the child has pyschologically bonded with the appellant's family and had expressed to the court-appointed psychiatrist, Dr. Rov Rappaport, his preference that the present custody arrangement remain unchanged. Further, there was unrebutted testimony from Dr. Rappaport that a change in custody would pose a risk of psychological trauma to the child, whom the doctor described as torn and emotionally disturbed by the prospect of being removed from the appellant's custody. In light of the petitioner's hospitalizations for suicidal feelings, the latest of which occurred only approximately six months prior to the filing of her petition, Dr. Rappaport expressed his view that there was a "good possibility" that the petitioner might require further hospitalizations, resulting in trauma to the child.

While the petitioner testified that she has become involved in a positive relationship with a man she met in 1985—who himself had been treated for delusions—the record reveals that she required at least one hospitalization after the inception of this relationship prompting Dr. Rappaport to question the petitioner's ability to remain emotionally stable and care for the child should the relationship terminate. Moreover, since the petitioner resides with her boyfriend in his parents' home, Dr. Rappaport further identified the likelihood of potential harm to the child if the stability of the petitioner's relationship—and thus her living environment—were to be disrupted.

Dr. Rappaport also recounted the petitioner's statement that she intended to terminate the child's contacts with the appellant in the event she was awarded custody and testified that such conduct would be detrimental to the emotional stability of the child. In concurring with the Law Guardian that the child's best interests would be served by continuing custody in the appellant, Dr. Rappaport emphasized the parental relationship between appellant and the child which had been established over the years, what he perceived to be the limited nature of the petitioner's ability to respond effectively to the child's complex emotional needs and difficulties, the

child's expression of reliance and trust in the appellant as a person on whom he could rely and the stability and permanence of the environment the appellant offered.

In light of the lengthy, uninterrupted period during which the child has resided and psychologically bonded with the appellant's family, the potential for emotional harm should custody be transferred to the petitioner, and the recommendations of the court-appointed psychiatrist and Law Guardian with respect to the petitioner's ability to assume custody, the requisite extraordinary circumstances *(see, Matter of Bennett v Jeffreys,* 40 NY2d 543, 545, *supra)* have been demonstrated. We conclude that the best interests of the child will be furthered by awarding custody to the appellant.

We remit the matter, however, for a hearing at which the court shall determine the petitioner's visitation rights. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.