■ In the Matter of PATRICIA G. BANKS, Appellant, v ROSHERA BANKS, Respondent. CARMAN M. GARUFI, as Law Guardian, Appellant. [726 NYS2d 795] —Mugglin, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered July 3, 2000, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of respondent's children.

Respondent is the biological mother of David (born in 1985) and Jeremy (born in 1988). She and the children's father, Grayson Banks, were divorced in 1991 and, pursuant to joint custody arrangements, the children's principal residence was with respondent. In July 1997, however, pursuant to an agreement between respondent and Banks, the primary residence of the children was changed to that of the father. Petitioner and Banks were married in 1993. According to petitioner, prior to the time when the children began living with her and Banks and her daughter, who Banks had adopted, the children visited them in their home on every Wednesday and every weekend.

On January 2, 2000, Banks suffered a fatal heart attack. On January 10, 2000, petitioner filed a petition in Family Court seeking custody of the children. On January 21, 2000, Family

Court awarded respondent temporary custody of the children and, on January 25, 2000, reversed itself and awarded temporary custody to petitioner with visitation every weekend to respondent. Thereafter, respondent filed a petition for custody, and the matter was heard by Family Court in June 2000. At the end of two days of testimony, Family Court determined that petitioner failed to establish the extraordinary circumstances which must exist before a nonparent can prevail in a custody dispute with a parent. Consequently, it dismissed petitioner's application and granted respondent's application, concluding that, by operation of law, custody reverted to respondent, the biological mother. Petitioner and the children's Law Guardian appeal.

Our review of Family Court's decision leads us to the conclusion that Family Court properly recognized the applicable rules of law enunciated in the seminal case of *Matter of Bennett v Jeffreys* (40 NY2d 543) that "absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*id.*, at 544), the court does not reach the issue of what is in the best interests of the children and that "[e]xtraordinary circumstances alone do not justify depriving a natural parent of the custody of the child. Instead, once extraordinary circumstances are found, the court must then make the disposition that is in the best interest of the child" (*id.*, at 548). Family Court, however, found that extraordinary circumstances did not exist, concluding that petitioner had failed to prove that respondent did not "provide for the children's needs to the level where she has been unfit or abusive or neglectful or had abandoned the children." Consequently, the court did not reach the issue of the best interests of the children.

Examples of extraordinary circumstances found by courts include prolonged separation, disruption of custody for a prolonged period of time and attachment of the child to the custodian (*see, id.*, at 546, 550), sibling separation (*see, Matter of Scott FF. v Laurene EE.*, 278 AD2d 539, 540; *Matter of Curry v Ashby*, 129 AD2d 310, 314-315), psychological bonding of the child to the custodian and potential harm to the child (*see, Matter of Michael G. B. v Angela L. B.*, 219 AD2d 289, 293; *Matter of Pauline G. v Carolyn F.*, 187 AD2d 589, 590; *Matter of Mary H. v Helen P.*, 131 AD2d 571, 572), the biological parent's abdication of parental rights and responsibilities (*see, Matter of Bisignano v Walz*, 164 AD2d 317, 320) and the child's poor relationship with the biological parent (*see, Matter of Scott L. v Bruce N.*, 126 AD2d 157, 161). While not all of these cases have direct application to the case at bar, they illustrate that

the rule concerning the finding of extraordinary circumstances is far broader than that enunciated by Family Court, and demonstrate that extraordinary circumstances are present herein.

The testimony establishes, at a minimum, the following extraordinary circumstances: the untimely demise of Banks, the biological father; the poor relationship between the children and respondent, their biological mother, as evidenced by their refusal to visit her on the weekends, even though that refusal constituted a violation of the terms of the temporary order of custody; respondent's withdrawal as a parent from the lives of her children after she transferred custody to Banks in 1997, as evidenced by her own testimony that she no longer participated in school or other extracurricular activities, that her only involvement was sporadic visitation, and that this frequently terminated early at the request of one or both of the children; and the specific needs of the older child, David, with respect to school suspension, bereavement and alcohol and drug abuse (notably, respondent addressed none of these problems while petitioner arranged for counseling for David in each of these areas).

Having found that extraordinary circumstances exist, we exercise our broad powers to review the record in this nonjury case and conclude that sufficient evidence is contained therein to determine that it is in the best interests of these children for custody to remain with petitioner. We reach this conclusion based on the evidence of the work schedules of petitioner, as compared with respondent, the involvement of the children in extracurricular and church activities fostered by petitioner, the good relationship that each boy has with petitioner and the presence of their adopted sister in petitioner's home. However, in the interest of justice, we remit the issue of visitation to Family Court.

Cardona, P. J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted, cross petition dismissed, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.