◼ In the Matter of ELAINE SASSOWER-BERLIN, Respondent, v STEPHEN BERLIN, Appellant. BARBARA H. KOPMAN, Nonparty Appellant. [820 NYS2d 602]—

In a proceeding pursuant to Family Court Act article 6 to modify the parties' judgment of divorce entered August 17, 2001, which, in effect, terminated the mother's visitation with the parties' three children, the Law Guardian for the children and the father separately appeal, by permission, as limited by their respective briefs, from so much of an order of the Family Court, Nassau County (Eisman, J.), entered December 12, 2005, as denied those branches of their joint motion which were to vacate or modify so much of two orders of the same court dated April 8, 2005, and September 30, 2005, respectively, as appointed a mental health professional to conduct forensic examinations of the father and the subject children and directed that the father and the children submit to such examinations, and to summarily dismiss the proceeding without a hearing.

Ordered that the appeal from so much of the order as related to the parties' child Jacqueline is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is modified, on the facts and in the

exercise of discretion, by deleting the provision thereof denying that branch of the appellants' joint motion which was to vacate so much of the orders dated April 8, 2005, and September 30, 2005, as directed the father and the children Charles and Shepard to submit to forensic examinations, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

Since the parties' child Jacqueline is now 18 years of age, she is not subject to the order appealed from (*see Matter of Lozada v Pinto,* 7 AD3d 801, 801 [2004]).

We agree with the appellants that the Family Court erred in directing the father to submit to forensic examinations. The mother's petition seeking a resumption of visitation with the children does not contain any allegations which place the father's mental health in issue (*cf. Matter of Peters v Peters,* 260 AD2d 952 [1999]).

The Family Court did not abuse its discretion in appointing a mental health professional to conduct forensic examinations of the parties' two minor children, Charles and Shepard, and in directing that the children submit to such examinations. The determination whether to direct a social or psychological evaluation in custody and visitation matters is within the sound discretion of the court (*see Kesseler v Kesseler,* 10 NY2d 445, 452; *Matter of Farnham v Farnham,* 252 AD2d 675, 677 [1998]; *Matter of Smith v Kalman,* 235 AD2d 848, 849 [1997]; Family Ct Act § 251).

Nevertheless, this Court is vested with the same power and discretion as the Family Court, and may substitute its own discretion, even in the absence of abuse (*see Brady v Ottaway Newspapers,* 63 NY2d 1031 [1984]). In the exercise of our discretion, under the circumstances presented, we find that the branch of the appellants' joint motion which was to vacate so much of the orders of the Family Court as directed the minor children to submit to forensic examinations should have been granted.

The appellants amply established that the minor children, both 13 years old at the time the mother's petition was filed, were vehemently opposed not only to a resumption of visitation with the mother, but also to submitting to additional forensic examinations. "While the express wishes of children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (*Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 117 [1990]). We give great weight to the opinions of these minor

children, who were already subjected to numerous forensic examinations in the proceeding between the parties concerning custody and visitation. At least one psychologist in that proceeding opined that the constant psychological intervention mandated by the court was detrimental to the children, who were traumatized and entitled to some closure and peace. The Supreme Court, Nassau County (Jonas, J.), in a July 7, 2000, decision after trial, stated, inter alia, that the children "have been emotionally pummeled and battered by court-appointed therapists, individual therapists, and social workers for almost half their young lives. They have become 'therapist savvy.' They have lost all trust in a system that has failed them."

Under these circumstances, where it has been established that requiring the minor children to undergo additional forensic examinations has the potential to be harmful to the minor children, we agree with the father and the Law Guardian that such examinations should not be ordered. In light of our determination, we need not address the father's contentions concerning the forensic psychologist's protocol and fees.

We reject the appellants' contention, however, that the mother's petition to modify the visitation provisions of the judgment of divorce should have been summarily dismissed without a hearing. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.