In the Matter of MAUREEN L. FOSTER, Appellant, v PEGGY FOSTER et al., Respondents. [825 NYS2d 299]—

Mugglin, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered June 9, 2005, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.

Since November 2002, the child who is the subject of this custody proceeding has resided full time with her aunt, respondent Peggy Foster (hereinafter respondent), allegedly at the request of petitioner, the child's mother. Petitioner, however, claims that she relinquished the child in 2002 after being compelled by a caseworker from the Cortland County Department of Social Services Child Protective Unit (hereinafter DSS) to sign a paper, which she did not read, but which she assumed transferred custody to respondent. In November 2004, petitioner instituted this custody proceeding against respondent, the child's father and DSS. Family Court dismissed the proceeding as to the father, who was not interested in custody, and DSS, since the child had never been in its custody. Thereafter, following a trial, Family Court dismissed petitioner's custody application and awarded sole custody of the child to respondent. Petitioner appeals.

"A parent has a superior right to custody over a nonparent unless the nonparent meets the burden of proving 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Campbell v Brewster*, 9 AD3d 620, 621 [2004], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). Petitioner's principal argument on this appeal is that Family Court erroneously determined that extraordinary circumstances existed. We disagree. The record establishes that in 2002, petitioner's live-in paramour was charged with two counts of endangering the welfare of a child and one count of forcible touching arising out of accusations made by respondent. During the ensuing investigation, a DSS caseworker informed petitioner that since her daughter should not be exposed to her paramour, she could no longer live with her paramour. Petitioner opted to continue living with her paramour and allowed respondent to care full time for her daughter. For the ensuing two-year period, petitioner made no attempt to reacquire her daughter or to communicate with her in any fashion. Notably, petitioner's daughter suffers from

hydrocephalus and requires full-time care. This evidence establishes that petitioner voluntarily abdicated her parental rights and responsibilities and Family Court appropriately determined that extraordinary circumstances existed (*see Matter of Banks v Banks*, 285 AD2d 686, 687 [2001]).

Family Court next examined what was in the best interests of the child (*see Matter of Vann v Herson*, 2 AD3d 910, 912 [2003]). The court's findings of fact find appropriate and adequate support in the record and they will not be disturbed (*see Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409 [2003]). It is manifest that the child has thrived under respondent's care where she has learned to feed herself and is no longer fully dependent on her wheelchair. Since 2002, respondent, a certified nurse's assistant, has devoted her full attention to the welfare of the child. Further, respondent's residence is more suitable for the child when compared to that presently occupied by petitioner. Under these circumstances, we find no basis upon which to disturb Family Court's determination that the best interests of the child require custody be placed with respondent (*see Matter of Sloand v Sloand*, 30 AD3d 784, 787 [2006]).

As a final matter, petitioner's present complaint with respect to the assignment of counsel is meritless. Despite several adjournments, petitioner made no effort to retain counsel. Counsel assigned to petitioner on the date of the commencement of the hearing represented to the court that he was prepared to proceed and Family Court afforded him a posthearing adjournment to present whatever relevant witnesses were available to petitioner. As a result, we find no infringement of petitioner's right to counsel.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.