■ In the Matter of JAMES McGOVERN, Appellant, v DEBORAH LYNCH, Respondent. [879 NYS2d 490]—In a proceeding pursuant to Family Court Act article 6 to modify the custody provisions of the parties' judgment of divorce, entered May 23, 2000, the father appeals from an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated March 10, 2008, which, after a hearing, denied his petition for custody of the subject children.

Ordered that the appeal from so much of the order as related to the parties' child Cara is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Since the parties' child Cara is now over 18 years of age, she is no longer subject to the order appealed from (*see Matter of Sassower-Berlin v Berlin*, 31 AD3d 771, 772 [2006]). Accordingly, the appeal from so much of the order as related to her must be dismissed as academic.

A change in custody should be made only if the totality of the circumstances warrants a modification in the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]; *Matter of Lichtenfeld v Lichtenfeld*, 41 AD3d 849, 849-850 [2007]). The factors to be considered in making a custody determination include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, and the overall relative fitness of the parties (*see Matter of Gonzalez v Gonzalez*, 15 AD3d 481, 483 [2005]; *Matter of Lobo v Muttee*, 196 AD2d 585, 587 [1993]).

Contrary to the father's contention, the Family Court properly considered the totality of the circumstances in determining that the best interests of the parties' two younger children would be served by continuing custody with the mother, with liberal visitation to him. That determination is supported by the record, which includes the parties' testimony and the Family Court's in camera interviews with the children. Since the Family Court's determination has a sound and substantial basis in the record, it will not be disturbed (*see Matter of Garcia v Perez*,

48 AD3d 812, 813 [2008]). Fisher, J.P., Miller, Chambers and Austin, JJ., concur.