In the Matter of JENNIFER COONRADT, Respondent, v MICHAEL AUSSICKER, Respondent, and BRENDER BARBER, Appellant. [887 NYS2d 337]—

Rose, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered February 11, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) voluntarily left her daughter (born in 1992) in the care and custody of the child's maternal grandfather beginning in 1994 or 1995. Thereafter, the mother lived at various other locations while keeping custody of, and caring for, a younger child, her son. In 1998, the child's aunt, respondent Brenda Barber, began to also reside with the grandfather and help care for the child. In 2004, an order was entered with the mother's consent granting her and the aunt joint custody with physical custody with the aunt. The grandfather died in 2007. Six months later, the mother commenced this proceeding seeking to modify the prior custody order by awarding her sole custody of the child. Despite its finding that the child had been in the custody of nonparents for 12 or 13 years and the child's clearly expressed wish to remain with her aunt, Family Court concluded that the extraordinary circumstances needed for a nonparent to prevail in this custody dispute did not exist such that consideration of the child's best interests was not warranted. The court then granted the mother's petition, and the aunt now appeals.

A biological parent's superior right to the custody of his or her child may be overcome by proof of, among other things, an "extended period of the nonparental custody, the attachment of the child to the custodian, and the child's imminent attainment of majority" (Matter of Bennett v Jeffreys, 40 NY2d 543, 549 [1976]). Relevant "factors to be considered include the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed

such custody to continue without trying to assume the primary parental role" (*Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]). Here, in addition to a prior consent order granting custody to the nonparent, there is evidence establishing that the mother surrendered custody of her child to others for most of the child's life. While the mother gave a reason for the joint custody arrangement in 2004, she offered no explanation for also consenting to the aunt's physical custody. In addition, the then almost 16-year-old child testified about the strong parent-child bond she had with the aunt and her preference to continue in the aunt's custody. These factors sufficiently demonstrate an extraordinary circumstance (*see Matter of Banks v Banks*, 285 AD2d 686, 688 [2001]; *Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 293 [1996]).

Thus, Family Court should have proceeded to determine whether the child's interests would best be served by continuing custody with the aunt or changing it to the mother. However, inasmuch as the child is now within six months of her 18th birthday, has been in the mother's custody for more than 18 months and the Law Guardian on appeal indicates that the child prefers to remain in her mother's custody, we will remit the matter for Family Court to determine the best interests of the child under the current circumstances while continuing the court's custody order pending such further proceedings.

Peters, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, physical custody of the child shall continue with petitioner.