■ In the Matter of JOHN W. MURPHY, Appellant, v LISA M. DIEM, Respondent. [902 NYS2d 157]—

In a proceeding pursuant to Domestic Relations Law § 72 for grandparent visitation, the petitioner maternal grandfather appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated April 17, 2009, as, after a hearing, denied that branch of his motion which was, in effect, to modify the parties' stipulation dated October 9, 2007, so as to award him unsupervised visitation with the child, and terminated all visitation between him and the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The subject child has been in the sole custody of her maternal grandmother since the child was an infant, at which time the child's mother had been murdered. When the child was about eight years old, the maternal grandfather, who had been divorced from the grandmother since before the child's birth, commenced the instant proceeding seeking grandparent visitation. On October 9, 2007, the parties stipulated, on the record, to therapeutic visitation between the grandfather and the child, which stipulation was so-ordered. Over the next few months, the child and each of the parties separately met with a therapist in preparation for the therapeutic visitation between the child and the grandfather.

In March 2008 the grandfather and the child had their first therapeutic visit together. Thereafter, the grandmother cancelled the next therapeutic visit until she could meet privately with the therapist and discuss her various concerns over the grandfather's conduct during the first visit. Upon learning of the cancellation, the grandfather moved, inter alia, in effect, to modify the parties' stipulation so as to award him unsupervised visitation on the ground that he anticipated that the grandmother would interfere with future therapeutic visitation. The Supreme Court, after a hearing, denied the grandfather's motion and, in effect, modified the October 2007 stipulation and terminated all visitation between the grandfather and the child.

Since custody and visitation determinations "necessarily depend[ ] to a great extent upon an assessment of the character

and credibility of the parties and witnesses, deference is accorded the court's findings. Therefore, its findings should not be set aside unless they lack a sound and substantial basis in the record" (*Matter of Elliott v Felder*, 69 AD3d 623 [2010] [citation omitted]; *see Matter of Harris v Carter*, 66 AD3d 780 [2009]). Contrary to the grandfather's contentions, although the Supreme Court did not specifically address in its order whether there had been a change in circumstances subsequent to the stipulation, the record and the Supreme Court's discussion of the pertinent facts in its memorandum decision demonstrate that there was, in fact, a change of circumstances justifying a modification of the stipulation (*see Matter of Wilson v McGlinchey*, 2 NY3d 375 [2004]; *Goldstein v Goldstein*, 68 AD3d 717, 720 [2009]; *Matter of Johnson v Zides*, 57 AD3d 1318 [2008]). The Supreme Court noted that the grandfather had an "unsatiable and obsessive desire to inform the subject child of her family's tragic past," that during the first therapeutic meeting, the grandfather, inter alia, engaged in "ill suited conversation with his grandchild, which was largely centered around Tara, his deceased daughter and the mother of the subject child," and that the grandfather's "behavior in the one meeting with [the child] demonstrated that he is seeking to explain to [the child] the circumstances surrounding her mother's death, rather than attempting to establish a grandparent/grandchild relationship" (*see Matter of Wilson v McGlinchey*, 2 NY3d 375 [2004]). Moreover, there is evidence in the record that, after the meeting, the child was distressed and suffered adverse health. Under the circumstances, the Supreme Court's order, which is consistent with the position of the attorney for the child, has a sound and substantial basis in the record and will not be disturbed (*see Matter of Verret v Verret*, 37 AD3d 479 [2007]). The Supreme Court providently exercised its discretion in determining that visitation with the grandfather was not in the best interests of the child (*see Matter of Wilson v McGlinchey*, 2 NY3d 375 [2004]; *Matter of Decoursy v Poplawski*, 61 AD3d 974 [2009]; *Matter of Johnson v Zides*, 57 AD3d 1318 [2008]; *Matter of Gold v Gold*, 53 AD3d 485, 488 [2008]). Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.