■ In the Matter of SAMUEL KRASNER, Appellant, v KAREN KRASNER, Respondent. [942 NYS2d 125]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Singer, J.), dated September 20, 2010, which, after a hearing, denied his petition to modify the visitation provisions of an order of custody and visitation of the same court dated October 6, 2008, and entered on the consent of the parties, by terminating the mother's visitation.

Ordered that the appeal from so much of the order dated September 20, 2010, as pertained to the parties' children David, Rachel, and Chana is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated September 20, 2010, is reversed insofar as reviewed, on the facts and in the exercise of discre-

tion, without costs or disbursements, that branch of the petition which was to modify the visitation provisions of the order of custody and visitation dated October 6, 2008, by terminating the mother's visitation with the child Daniel is granted, and the mother's visitation with that child is terminated.

Since the parties' children David, Rachel, and Chana are now 18 years of age or older, they are no longer subject to the order appealed from (*see Matter of McMillian v Rizzo*, 65 AD3d 689 [2009]; *Matter of Sassower-Berlin v Berlin*, 31 AD3d 771, 771-772 [2006]).

In an order dated October 6, 2008, entered on the consent of the parties, the mother was awarded, inter alia, supervised visitation with the subject child twice per month for three hours, with the supervision to be conducted by an individual who is mutually agreeable to the parties. In a petition dated June 4, 2009, the father sought to modify the visitation provisions of that order on the ground, inter alia, that the mother verbally abused the children during the supervised visits, causing a negative emotional impact on the subject child. After a hearing, the Family Court denied the petition on the ground that the father failed to show a change in circumstances.

"Once a visitation order is entered, it may be modified only 'upon a showing that there has been a subsequent change of circumstances and modification is required' (Family Ct Act § 467 [b] [ii]) . . . [T]he 'standard ultimately to be applied remains the best interests of the child when all of the applicable factors are considered' " (*Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004], quoting *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]).

Here, although the abuse alleged in the petition took place prior to the entry of the order dated October 6, 2008, and although there was evidence that the mother had acted inappropriately around the child during supervised visits that took place prior to the entry of that order, there was also evidence that the supervised visits that took place after the entry of that order were increasingly disruptive and caused the child to suffer increasing amounts of stress (*see Matter of Wilson v McGlinchey*, 2 NY3d at 381). Thus, the father made a sufficient showing of a subsequent change of circumstances.

While we are mindful that visitation with the noncustodial parent is generally appropriate absent "exceptional circumstances" (*Matter of McLean v Simpson*, 82 AD3d 1101, 1101 [2011] [internal quotation marks omitted]), under the circumstances of this case, including the child's vehement opposition to any form of visitation with the mother and the recommenda-

tion of the court-appointed forensic examiner that the mother's visitation be terminated, we agree with the father and the attorney for the child that the child's best interests would be served by the termination of the mother's visitation with that child (*see Matter of Murphy v Diem*, 74 AD3d 814, 815 [2010]; *Matter of Sassower-Berlin v Berlin*, 58 AD3d 635, 636 [2009]; *Matter of Thomas v Thomas*, 35 AD3d 868, 869 [2006]). Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.