In two related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Dutchess County (Posner, J.), dated September 27, 2011, (2) a second order of the same court, also dated September 27, 2011 which, after a hearing, inter alia, granted that branch of the mother’s petition which was to modify the custody and visitation provisions of a prior order of custody and visitation of the Family Court, Queens County (DePhillips, J.), dated August 8, 2003, so as to award her sole legal custody of the parties’ children and suspend the father’s visitation rights, (3) a third order of the same court, also dated September 27, 2011, which, after a hearing, granted that branch of the mother’s petition which was for an order of protection, inter alia, directing him to stay away from the mother and the parties’ children until September 26, 2013, and (4) an order of the same court dated December 2, 2011, which denied his motion for leave to reargue.
Ordered that the appeal from the first order dated September 27, 2011, is dismissed as abandoned; and it is further,
Ordered that the appeals from so much of the second and third orders dated September 27, 2011, as relate to the parties’ daughter are dismissed as academic; and it is further,
Ordered that the second and third orders dated September 27, 2011, are affirmed insofar as reviewed; and it is further,
Ordered that the appeal from the order dated December 2, 2011, is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that one bill of costs is awarded to the mother.
The appeals from so much of the second and third orders dated September 27, 2011, as relate to the parties’ daughter have been rendered academic, because the child is now over the age of 18 (see Matter of Weinschneider v Weinschneider, 73 AD3d 1194 [2010]).
The father contends, inter alia, that the Family Court erred in granting that branch of the mother’s petition which was to *637 modify a prior order of custody and visitation to the extent that it granted her sole legal custody of the parties’ remaining minor child, and suspended his visitation rights.
In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Family Ct Act § 652; Matter of Abranko v Vargas, 26 AD3d 490, 491 [2006]). “In determining the best interest of the child, the court must consider the totality of the circumstances” (Matter of Zindle v Hernandez, 26 AD3d 338, 338 [2006]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Although a child’s wishes are not determinative, his or her wishes, age, and maturity should be given considerable weight (see Matter of Cornell v Cornell, 8 AD3d 718, 719 [2004]; Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117 [1990]; Matter of Eric L. v Dorothy L., 130 AD2d 660, 661 [1987]). “The court’s determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents” (Matter of Palm v Palm, 15 AD3d 405, 405 [2005]).
Considering the totality of the circumstances, including the wishes of the subject child, which were expressed when the child was 14 years old, the Family Court’s award of sole legal and physical custody of the subject child to the mother, and suspension of the father’s visitation rights, had a sound and substantial basis in the record (see Matter of Mollet v Mollet, 99 AD3d 1007 [2012]; Matter of Krasner v Krasner, 94 AD3d 763 [2012]; Matter of Dorsa v Dorsa, 90 AD3d 1046 [2011]).
The father’s remaining contentions either are not properly before us, involve matters dehors the record, or are without merit.
While we decline the request by the attorney for the children to impose sanctions at this time against the father and his attorney for prosecuting an allegedly frivolous appeal (see 22 NYCRR 130-1.1), the father is warned that future motions or appeals undertaken to harass the mother may subject him to sanctions pursuant to 22 NYCRR 130-1.1 (see Dinerman v Jewish Bd. of Family & Children’s Servs., Inc., 55 AD3d 530 [2008]; Enright v Vasile, 205 AD2d 732, 733 [1994]). Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.