In two related child custody and visitation proceedings pursuant to Family Court Act article 6 and a related family offense proceeding pursuant to Family Court Act article 8, the father appeals, as limited by his brief, from so much of (1) an order of the Family Court, Orange County (Kiedaisch, J.), dated April 26, 2013, as, after a hearing, denied those branches of his petition which were to modify an order of custody and visitation of the same court dated November 29, 2011, so as to grant him increased communication with the children, and to modify an order of protection of the same court dated November 15, 2011, and thereupon directed him to have no contact with the children unless the children initiate such contact and directed him to have no contact with the mother regarding the children, (2) two orders of protection of the same court both entered April 26, 2013, as directed him to have no contact with the children unless the children initiate such contact and directed him to have no contact with the mother regarding the children, and (3) a modified order of custody and visitation of the same court entered May 3, 2013, as incorporated the provisions of the orders of protection entered April 26, 2013.
Ordered that the appeals from so much of the orders as related to the father’s visitation with the parties’ child Samantha are dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order dated April 26, 2013, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
Ordered that the orders of protection entered April 26, 2013, are modified, on the facts, by adding thereto decretal paragraphs finding that the following aggravating circumstances exist: “behaviors and occurrences which to the court constitute an immediate and ongoing danger to the mother or any member of the mother’s family or household”; as so modified, the orders of *828 protection entered April 26, 2013, are affirmed, without costs or disbursements; and it is further,
Ordered that the modified order of custody and visitation entered May 3, 2013, is affirmed insofar as reviewed, without costs or disbursements.
Since the parties’ child Samantha is now over 18 years of age, she is not subject to the visitation provisions of the orders appealed from (see Matter of Krasner v Krasner, 94 AD3d 763 [2012]; Matter of McGovern v Lynch, 62 AD3d 712 [2009]; Matter of Sassower-Berlin v Berlin, 31 AD3d 771 [2006]).
In adjudicating visitation, the most important factor is the best interests of the children (see Matter of Wilson v McGlinchey, 2 NY3d 375 [2004]; Matter of Shockome v Shockome, 53 AD3d 618 [2008]). A visitation order may be modified upon a showing of a sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the children’s best interests (see Family Ct Act § 652; Matter of Luo v Yang, 103 AD3d 636 [2013]; Matter of Awan v Awan, 75 AD3d 597 [2010]). Additionally, an order of protection may be modified, after a hearing, for “good cause shown” (Family Ct Act § 844).
Based on the evidence adduced at the hearing, the Family Court did not err in denying that branch of the father’s petition which was for increased communication with the children and in further restricting the father’s communication with the children. The record establishes that the father was incarcerated pursuant to a conviction, upon his plea of guilty, of criminal sexual act in the second degree, and that the charges related to acts with the minor friend of one of his daughters. Additionally, the Family Court previously found that the father had sexually abused and neglected his daughters, and had derivatively neglected his son (see Matter of Raymond M., 13 AD3d 377 [2004]). Further, during his testimony at the hearing on his petition, the father admitted that he sent inappropriate written communications to the children in violation of a prior order of protection. Under these circumstances, the Family Court providently exercised its discretion in directing the father not to contact the children unless they initiate such contact and to not contact the mother regarding the children (see Matter of Krasner v Krasner, 94 AD3d 763 [2012]; Matter of David V. v Rosalind W., 62 AD3d 717 [2009]; Matter of Mohabir v Singh, 78 AD3d 1056 [2010]; Matter of Shockome v Shockome, 53 AD3d 618 [2008]; see also Family Ct Act § 844; cf. Matter of Ice S., 30 AD3d 428 [2006]; Matter of Anaya v Hundley, 12 AD3d 594 [2004]).
Skelos, J.E, Sgroi, Cohen and LaSalle, JJ., concur.