■ In the Matter of Erica S. Nancy R.E., Appellant; Michael A.S. et al., Respondents. [24 NYS3d 360]—

Appeal from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated October 1, 2014. The order, insofar as appealed from, after a hearing, denied the mother's petition to vacate an order of that court dated March 7, 2008, appointing, on the consent of the mother, the paternal aunt as the guardian of the subject child, granted the paternal aunt's petition to suspend the mother's visitation with the child to the extent of limiting the mother's contact with the child to communications via telephone, email, and regular mail, in effect, denied the mother's petition to expand her visitation with the child, and thereupon awarded custody of the child to the paternal aunt.

Ordered that the order is modified, on the law, by deleting the provision thereof awarding custody of the subject child to the paternal aunt; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The subject child was born in March 2003. On November 26, 2004, the Family Court, on the consent of the parents, awarded physical custody of the child to the mother and awarded the parents joint legal custody. The child resided with the mother until August 2007, at which point the mother asked the paternal aunt if she would be willing to care for the child. The paternal aunt agreed, and the child moved into the paternal aunt's home, where she has resided ever since. Several months later, in an order dated March 7, 2008 (hereinafter the order of guardianship), the court, on the consent of the mother and the paternal aunt, appointed the paternal aunt as the child's guardian.

Over the course of the next several years, the relationship between the mother and the paternal aunt began to deteriorate significantly. On July 12, 2010, the mother commenced this proceeding to vacate the order of guardianship and to have the subject child returned to her care. During the course of the proceeding, the mother filed a petition to expand her visitation with the child. Subsequent to the filing of that petition, the paternal aunt filed an order to show cause seeking to suspend all visitation between the mother and the child. These two petitions, as well as the mother's petition to vacate the order of guardianship, were the only petitions pending before the Family Court at the time it issued the order appealed from.

In the order appealed from, the Family Court denied the mother's petition to vacate the order of guardianship, granted the paternal aunt's petition to suspend the mother's visitation with the subject child to the extent of limiting the mother's contact with the child to communications via telephone, email, and regular mail, and, in effect, denied the mother's petition to expand her visitation with the child. The court also awarded the paternal aunt custody of the child. The mother appeals.

As the mother correctly contends, the Family Court lacked the authority to award custody of the subject child to the paternal aunt, since there was no petition for custody pending before the court (see Family Ct Act § 651 [b]; Matter of Hirtz v Hirtz, 108 AD3d 712 [2013]; Matter of Alexis AA. [Angela YY.— Bradley AA.], 93 AD3d 1090, 1091 [2012]; Matter of Adams v Bracci, 61 AD3d 1065 [2009]). However, we disagree with the mother's contention that the court erred in denying her petition to vacate the order of guardianship. Upon our review of the record, we find that the court properly determined that the paternal aunt sustained her burden of establishing extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]; Matter of Coonradt v Aussicker, 66 AD3d 1143 [2009]; Matter of Mary H. v Helen P., 131 AD2d 571 [1987]). Additionally, the court's determination that the best interests of the child would be served by denying the mother's petition and continuing the order of guardianship is supported by a sound and substantial basis in the record (see Matter of Julia M.G. [Trinidad G.], 130 AD3d 1027 [2015]; cf. Eschbach v Eschbach, 56 NY2d 167 [1982]; Matter of Shannon J. v Aaron P., 111 AD3d 829 [2013]).

Further, contrary to the mother's contention, the Family Court's determination that it was in the best interests of the subject child to suspend physical visitation is supported by a sound and substantial basis in the record and, therefore, we

decline to disturb so much of the order as granted the paternal aunt's petition to suspend the mother's visitation with the child to the extent of limiting the mother's contact with the child to communications via telephone, email, and regular mail, and, in effect, denied the mother's petition to expand her visitation with the child (*see Matter of Krasner v Krasner*, 94 AD3d 763, 764 [2012]; *Matter of Murphy v Diem*, 74 AD3d 814 [2010]; *Matter of Lozada v Lozada*, 270 AD2d 422 [2000]; *Matter of Licitra v Licitra*, 255 AD2d 384 [1998]). Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.