Matter of O'Donnell v Fisher (2019 NY Slip Op 09007)





Matter of O'Donnell v Fisher


2019 NY Slip Op 09007


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-13221
 (Docket No. V-02223-15/18C)

[*1]In the Matter of James O'Donnell, appellant,
v
Elaine Fisher, respondent.


Rhea G. Friedman, New York, NY, for appellant.
Larry S. Bachner, New York, NY, for respondent.
David L. Moreno, Staten Island, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated November 1, 2018. The order, without a hearing, in effect, granted the mother's motion to dismiss the father's petition to modify a prior order of parental access of the same court dated April 11, 2018.
ORDERED that the order is affirmed, without costs or disbursements.
An order awarding parental access "may be modified upon a showing of a sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the children's best interests" (Matter of Madden v Ruskiewicz, 117 AD3d 827, 828; see Family Ct Act § 652). The Family Court providently exercised its discretion by, in effect, granting the mother's motion to dismiss, without a hearing, the father's petition to modify a prior order dated April 11, 2018, entered on consent, granting him supervised parental access with the parties' child. The facts alleged in the petition were insufficient to meet the threshold evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Matter of Newton v McFarlane, 174 AD3d 67; Matter of Perez v Richmond, 148 AD3d 904, 905; Matter of Scott v Powell, 146 AD3d 964).
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court