Matter of Rosaliyahh C. (Priscilla M.) (2021 NY Slip Op 07543)





Matter of C.


2021 NY Slip Op 07543


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
COLLEEN D. DUFFY
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2021-04175
 (Docket No. N-3709-18)

[*1]In the Matter of Rosaliyahh C. (Anonymous). Administration for Children's Services, respondent; Priscilla M. (Anonymous), appellant.


Lauri Gennusa, Laurelton, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Susan Paulson of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from a permanency hearing order of the Family Court, Queens County (Elenor C. Cherry, J.), dated April 2, 2021. The order, insofar as appealed from, after a hearing, denied the mother's application to change the permanency goal from adoption to reunification and granted the child's motion to suspend the mother's parental access pending further order of the court.
ORDERED that the permanency hearing order is affirmed insofar as appealed from, without costs or disbursements.
In February 2018, when the subject child was one year and nine months old, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that the mother had neglected the child because, among other reasons, the mother had serious mental health issues that she was not addressing. The child was removed from the mother's custody and placed in a non-kinship foster home. Several months later, the mother consented to the entry of a fact-finding order of neglect without making an admission.
In September 2019, the Family Court changed the permanency goal to "adoption with concurrent planning of return to parent." That goal remained in place following a permanency hearing in February 2020.
In August 2020, the child was placed in a kinship foster home in Florida. After a permanency hearing in March 2021, the Family Court, in an order dated April 2, 2021, denied the mother's application to change the permanency goal to reunification and granted the child's motion to suspend the mother's parental access pending further order of the court. The mother appeals.
At a permanency hearing, the petitioner bears the burden of establishing the appropriateness of a permanency goal, or a goal modification, by a preponderance of the evidence [*2](see Matter of Damani B. [Theresa M.], 174 AD3d 524, 526). "Great deference is accorded the Family Court, which saw and heard the witnesses, and its findings will not be disturbed unless they lack a substantial basis in the record" (Matter of Darlene L., 38 AD3d 552, 554). The Family Court's determinations following a permanency hearing "must be made 'in accordance with the best interests and safety of the child, including whether the child would be at risk of abuse or neglect if returned to the parent'" (Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 283, quoting Family Ct Act § 1089[d]).
Here, contrary to the mother's contention, in light of the evidence presented at the hearing, the Family Court's denial of her application to change the permanency goal from adoption to reunification was supported by a sound and substantial basis in the record (see Family Ct Act § 1089[d]; Matter of Sabrina M.A. [Yana A.-Marcus S.], 195 AD3d 709, 710). So, too, was the court's determination that suspending the mother's parental access pending further order of the court was in the child's best interests (see Matter of Brianna B. [Jennifer I.], 138 AD3d 832, 832; Matter of Erica S. [Nancy R.E.-Michael A.S.], 135 AD3d 864, 865-866).
The mother's remaining contentions are either unpreserved for appellate review, unreviewable because they involve matter dehors the record, or without merit.
MILLER, J.P., DUFFY, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court