■ In the Matter of BRANDY CAMBRIDGE, Appellant, v SCOTT ALAN CAMBRIDGE, Respondent. [786 NYS2d 558]—

In a child custody proceeding pursuant to Family Court Act article 6, the paternal grandmother appeals from an order of the Family Court, Queens County (Seiden, R.), dated May 13, 2003, which, after a hearing, in effect, granted the father's application to transfer custody of the subject child to him.

Ordered that the order is affirmed, without costs or disbursements.

A biological parent has a right to custody of his or her child, superior to that of a nonparent, unless the parent has relinquished that right due to "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see Matter of Campbell v Brewster*, 9 AD3d 620 [2004]; *Matter of Rudy v Mazzetti*, 5 AD3d 777 [2004]). The burden of proving the existence of such extraordinary circumstances is on the nonparent

(*see Matter of Campell v Brewster, supra; Matter of Rudy v Mazzetti, supra; Matter of McGraw v McGraw,* 258 AD2d 464 [1999]).

The Family Court's determination that the paternal grandmother failed to sustain her burden of demonstrating the existence of extraordinary circumstances was based upon its factual findings, inter alia, that the father had not abandoned the child because he regularly visited her after he moved out of the grandmother's home, provided financial support for her, and remained a continual presence in her life. Such factual findings, which were predicated upon the Family Court's "evaluation of the testimony, character, temperament, and sincerity of the parties," are entitled to great deference, and will not be set aside where, as here, they are supported by the record (*Matter of Rudy v Mazzetti, supra*). Furthermore, although the record indicates that the father supported the grandmother's 1995 petition for custody, and that he consented to a January 1999 order which continued the grandmother's legal custody of the child, these actions did not constitute a "surrender" of parental rights which would constitute an extraordinary circumstance under *Matter of Bennett v Jeffreys* (*supra; see Dennis T. v Joseph C.,* 82 AD2d 125, 133-134 [1981]; *see also Matter of McDevitt v Stimpson,* 281 AD2d 860 [2001]). Moreover, the grandmother's contention that the father's consent to the January 1999 custody order evinced an intent to forego his parental rights was contradicted by evidence that she had informally agreed to transfer custody to him when the child reached the age of six if the father fulfilled certain conditions. In addition, while it is undisputed that there is a strong psychological bond between the grandmother and the child, there is also evidence that the child loves her father, with whom she has had regular contact throughout her life. Under these circumstances, the child's psychological bonding with her grandmother was insufficient to constitute an extraordinary circumstance (*see Matter of Burghdurf v Rogers,* 233 AD2d 713 [1996]; *Matter of Gray v Chambers,* 222 AD2d 753 [1995]; *Matter of Bisignano v Walz,* 164 AD2d 317 [1990]).

The grandmother's remaining contentions are without merit. Krausman, J.P., Smith, Crane and Spolzino, JJ., concur.