■ In the Matter of LOIDA GARCIA, Also Known as LOIDA CABRERA, Appellant, v MIGUEL PEREZ, Respondent. [853 NYS2d

141]—In a child custody proceeding pursuant to Family Court article 6, the mother appeals from an order of the Family Court, Queens County (Seiden, J.), dated February 7, 2006, which, after a hearing, inter alia, denied her petition to modify the temporary order of custody and awarded permanent custody of the child to the father.

Ordered that the order is affirmed, without costs or disbursements.

In adjudicating custody issues, the paramount concern is the best interests of the child (see *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]). The Family Court's determination in a custody dispute is generally accorded great deference on appeal and should not be disturbed unless it lacks a sound and substantial basis in the record, as it is based upon a firsthand assessment of the parties, their credibility, their characters, and their temperaments (see *Eschbach v Eschbach,* 56 NY2d at 173; *Neuman v Neuman,* 19 AD3d 383, 384 [2005]; *Matter of Panetta v Ruddy,* 18 AD3d 662 [2005]).

Contrary to the mother's contentions, the Family Court considered the totality of the circumstances in determining that the best interests of the child would be served by awarding custody to the father, with liberal visitation granted to the mother (see *Friederwitzer v Friederwitzer,* 55 NY2d at 93-95). We find no basis to disturb the award of custody to the father. That determination is supported by the record, including the testimony of the parties and the opinion of the court-appointed psychologist. Since the Family Court's determination has a sound and substantial basis in the record, it will not be disturbed (see *Matter of Perez v Montanez,* 31 AD3d 565 [2006]; *Matter of Ring v Ring,* 15 AD3d 406, 407 [2005]). Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.