■ In the Matter of NETTIE GILCHREST, Respondent, v ALISA PATTERSON, Appellant. (Proceeding No. 1.) In the Matter of ALISA PATTERSON, Appellant, v NETTIE GILCHREST, Respondent. (Proceeding No. 2.) [866 NYS2d 296]—

In two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Davidson, J.), entered July 25, 2007, as, after a hearing, denied her petition and granted the separate petition of the paternal grandmother for custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or similar extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Fishburne v Teelucksingh*, 34 AD3d 804 [2006]; *Matter of General v General*, 31 AD3d 551, 552 [2006]; *Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]; *Matter of Rudy v Mazzetti*, 5 AD3d 777, 778 [2004]; *Matter of Dungee v Simmons*, 307 AD2d 312, 312-313 [2003]). Here, the paternal grandmother of the now 14-year-old child, who has supported and cared for the child since she was four months old with no contribution from the mother, satisfied her burden of establishing extraordinary circumstances on the basis of an "extended disruption of custody" during which the mother had "voluntarily relinquished care and control of the child" to the paternal grandmother (Domestic Relations Law

§ 72 [2] [b]; *see Matter of Carton v Grimm*, 51 AD3d 1111, 1113 [2008], *lv denied* 10 NY3d 716 [2008]; *Matter of Traci M.S. v Darlene C.*, 37 AD3d 1083, 1084 [2007]; *cf. Matter of Hyde v King*, 47 AD3d 813, 815 [2008]; *Matter of Tolbert v Scott*, 42 AD3d 548, 549 [2007]).

Inasmuch as the Family Court is in the best position to evaluate the testimony, character, temperament, and sincerity of the parties, its findings are entitled to great weight and should not be set aside where they have a sound and substantial basis in the record (*see Matter of Miller v Shaw*, 51 AD3d 927 [2008], *lv denied* 11 NY3d 706 [2008]; *Matter of Garcia v Perez*, 48 AD3d 812, 813 [2008]; *Matter of Fishburne v Teelucksingh*, 34 AD3d 804, 805 [2006]; *Matter of Cambridge v Cambridge*, 13 AD3d 443, 444 [2004]; *Matter of Rudy v Mazzetti*, 5 AD3d 777, 778 [2004]). The Family Court's determination that the best interests of the child require that she remain in the custody of the paternal grandmother has such a basis. Accordingly, its determination must be affirmed. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.