■ In the Matter of MARK LaBORDE, Appellant-Respondent, v CATHERINE PENNINGTON, Respondent-Appellant. (Proceeding

No. 1.) In the Matter of MARK LABORDE, Appellant, v DENISE PENNINGTON, Respondent. (Proceeding No. 2.) In the Matter of DENISE PENNINGTON, Respondent, v MARK LABORDE, Appellant. (Proceeding No. 3.) In the Matter of DENISE PENNINGTON, Respondent, v CATHERINE PENNINGTON, Appellant. (Proceeding No. 4.) In the Matter of CATHERINE PENNINGTON, Respondent-Appellant, v MARK LABORDE, Appellant-Respondent. (Proceeding No. 5.) In the Matter of CATHERINE PENNINGTON, Respondent-Appellant, v MARK LABORDE, Appellant-Respondent. (Proceeding No. 6.) In the Matter of CATHERINE PENNINGTON, Appellant, v DENISE PENNINGTON, Respondent. (Proceeding No. 7.) [876 NYS2d 87]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Duffy, J.), entered May 8, 2007, as, after a hearing, denied his petitions to award him sole custody of the subject child and granted the petitions of the maternal grandmother to modify a prior custody order of the same court entered February 28, 2006, awarding her and the mother joint custody of the child, so as to award her sole custody of the child, and the mother cross-appeals, inter alia, from stated portions of the order dated May 8, 2007.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In a custody proceeding between a parent and a nonparent, "the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent had relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances" (*Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]). This rule applies even when, as here, there is a prior order granting custody of a child to a nonparent which was issued on consent of the parties (*see Matter of Cockrell v Burke*, 50 AD3d 895 [2008]). Once there is a finding of extraordinary circumstances, custody will be determined by considering the child's best interests (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]).

The Family Court properly determined that the maternal grandmother, who has had physical custody of the child for an extended period of time, sustained her burden of demonstrating extraordinary circumstances in this case (*see Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]). Moreover, the Family

Court's determination that an award of custody to the maternal grandmother would be in the best interests of the subject child is supported by a sound and substantial basis in the record, and we discern no basis to disturb it (*see Matter of Bennett v Jeffreys,* 40 NY2d 543 [1976]).

The father's and the mother's remaining contentions are without merit. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.