■ In the Matter of WANDA WRIGHT, Appellant, v VICTORIA WRIGHT, Respondent. [916 NYS2d 203]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from (1) so much of an order of the Family Court, Kings County (Cammer, J.H.O.), dated October 21, 2009, as, after a hearing, denied her petition to modify an order of the same court (Salinitro, J.), dated November 20, 1997, entered upon her consent, awarding custody of the subject child to the maternal grandmother, and (2) so much of an order of the same court (Cammer, J.H.O.), dated November 4, 2009, as awarded custody to the maternal grandmother.

Ordered that the orders dated October 21, 2009, and November 4, 2009, are affirmed insofar as appealed from, without costs or disbursements.

In a custody proceeding between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right by surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Fishburne v Teelucksingh*, 34 AD3d 804 [2006]; *Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]). The rule applies even when there is a prior order awarding custody of a child to a nonparent which was issued on the consent of the parties (*see Matter of LaBorde v Pennington*, 60 AD3d 950 [2009]; *Matter of Silverman v Wagschal*, 35 AD3d 747, 748 [2006]). Here, the Family Court erred in failing to make this threshold determination of extraordinary circumstances in determining the mother's petition (*see Matter of Cockrell v Burke*, 50 AD3d 895 [2008]; *Matter of Robert G. v Peter I.*, 43 AD3d 1162 [2007]).

However, we need not remit the matter to the Family Court for a new hearing, since the record is adequate to enable this

Court to determine that such extraordinary circumstances did, in fact, exist (*see Matter of Cockrell v Burke*, 50 AD3d 895 [2008]; *Matter of Robert G. v Peter I.*, 43 AD3d 1162 [2007]). The maternal grandmother has supported and cared for the subject child since the child was 10 days old, with no contribution from the mother. Thus, there had been an " 'extended disruption of custody' " during which the mother had "voluntarily relinquished care and control of the child" (Domestic Relations Law § 72 [2] [b]; *see Matter of Jumper v Hemphill*, 75 AD3d 507 [2010], *lv denied* 15 NY3d 712 [2010]; *Matter of Carton v Grimm*, 51 AD3d 1111, 1113 [2008]; *Matter of Traci M.S. v Darlene C.*, 37 AD3d 1083, 1084 [2007]). Therefore, the record supports a finding that the requisite extraordinary circumstances exist (*see Matter of Gilchrest v Patterson*, 55 AD3d 833 [2008]; *Matter of West v Turner*, 38 AD3d 673 [2007]).

Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]). We are satisfied that the determination that the child should remain in the custody of the maternal grandmother has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Matter of Donohue v Donohue*, 44 AD3d 1042 [2007]; *Matter of Sekou E.*, 32 AD3d 1024 [2006]). Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.