■ In the Matter of Shemeek D., Respondent, v Teresa B., Appellant, et al., Respondents. [933 NYS2d 35]—

Respondent mother argues that the court did not conduct a full evidentiary hearing on the custody petition because she did not testify in that proceeding. However, the record reflects that respondent's counsel consented to rest on the record after petitioner testified and the court conducted an in camera interview with the child. Thus, respondent failed to preserve her objection (*see Matter of Jayden C. [Michelle R.]*, 82 AD3d 674, 675 [2011]).

In any event, if the court erred in failing to permit respondent to present additional evidence, the error was harmless. Respondent conceded that she had not lived with the child since 1997 or 1998, having left him with his father and petitioner when he was two years old. During that period she admitted limited contact with him, including failing to visit at all in 2006 and 2007. Prolonged separation between a parent and child and lack of involvement in the child's life warranted a finding of extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 546 [1976]; *Matter of Iris R. v Jose R.*, 74 AD3d 457 [2010]).

The court properly determined that it was in the best interests of the child to continue to reside with petitioner in the stable and loving environment he had known most of his life (*see Bennett* 40 NY2d at 551-552). Concur—Moskowitz, J.P., Renwick, DeGrasse and Abdus-Salaam, Román JJ.