In the Matter of MARIA VARGAS, Respondent, v AKEYZYA VARGAS, Appellant, et al., Respondent. [934 NYS2d 839]—

In a custody proceeding between a parent and a nonparent, "the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances" (Matter of Dungee v Simmons, 307 AD2d 312, 312-313 [2003]; see Matter of Ruiz v Travis, 84 AD3d 1242 [2011]). The burden of establishing the existence of extraordinary circumstances is on the party seeking to deprive the parent of custody (see Matter of Cambridge v Cambridge, 13 AD3d 443 [2004]). Where extraordinary circumstances are present, the court must then consider the best interests of the children in awarding custody (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]; Matter of Wright v Wright, 81 AD3d 740, 741 [2011]).

Here, the Family Court properly determined that the paternal grandmother sustained her burden of demonstrating extraordinary circumstances (see Matter of Barcellos v Warren-Kidd, 57 AD3d 984 [2008]; Matter of Donohue v Donohue, 44 AD3d 1042, 1043 [2007]). Moreover, the Family Court's determination that an award of custody to the paternal grandmother would be in the best interests of the subject children is supported by a sound and substantial basis in the record (see Matter of Wright v Wright, 81 AD3d at 741; Matter of Barcellos v Warren-Kidd, 57 AD3d at 985).

The mother's remaining contention is without merit. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.