■ In the Matter of DENIA E. FLORES, Respondent, v KARINA E. FLORES, Appellant, et al., Respondent. [936 NYS2d 676]—

In a custody proceeding between a parent and a nonparent,

"the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances" (*Matter of Dungee v Simmons*, 307 AD2d 312, 312-313 [2003]; *see Matter of Ruiz v Travis*, 84 AD3d 1242 [2011]). The burden of establishing the existence of extraordinary circumstances is on the party seeking to deprive the natural parent of custody (*see Matter of Cambridge v Cambridge*, 13 AD3d 443 [2004]). Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Wright v Wright*, 81 AD3d 740, 741 [2011]).

The Family Court properly determined that the maternal grandmother sustained her burden of demonstrating extraordinary circumstances in this case (*see Matter of Brault v Smugorzewski*, 68 AD3d 1819 [2009]; *Matter of Donohue v Donohue*, 44 AD3d 1042, 1043 [2007]; *Matter of Scala v Parker*, 304 AD2d 858, 859 [2003]). Moreover, the Family Court's determination that an award of custody to the maternal grandmother would be in the best interests of the subject child is supported by a sound and substantial basis in the record, and we discern no basis to disturb it (*see Matter of Jumper v Hemphill*, 75 AD3d 507, 508 [2010]; *Matter of LaBorde v Pennington*, 60 AD3d 950, 951-952 [2009]). Dillon, J.P., Lott, Roman and Cohen, JJ., concur.