In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Stack, J.), dated March 2, 2011, as, after a hearing, denied her petition for sole legal and physical custody of the child, awarded her only joint legal custody of the child with the maternal grandmother, and awarded the maternal grandmother sole physical custody of the child.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
“In a custody proceeding between a parent and a nonparent, ‘the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances’ ” (Matter of Flores v Flores, 91 AD3d 869, 869-870 *860 [2012], quoting Matter of Dungee v Simmons, 307 AD2d 312, 312-313 [2003]). “The burden of establishing the existence of extraordinary circumstances is on the party seeking to deprive the natural parent of custody” (Matter of Flores v Flores, 91 AD3d at 870; Matter of Cambridge v Cambridge, 13 AD3d 443, 443-444 [2004]). “Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody” (Matter of Flores v Flores, 91 AD3d at 870; see Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]; Matter of Wright v Wright, 81 AD3d 740, 741 [2011]).
The Family Court properly determined that the maternal grandmother sustained her burden of establishing extraordinary circumstances in this case by showing that the mother surrendered the child to the maternal grandmother shortly after the birth of the child (see Matter of Wright v Wright, 81 AD3d at 741; Matter of Jumper v Hemphill, 75 AD3d 507, 508 [2010]; Matter of Holmes v Glover, 68 AD3d 868, 869 [2009]). In addition, the maternal grandmother demonstrated that she, along with her husband, the child’s maternal grandfather, provided a home for the child that met all of his financial, educational, and emotional needs, with no contribution from the mother (see Matter of Jumper v Hemphill, 75 AD3d at 508; Matter of Gilchrest v Patterson, 55 AD3d 833, 833 [2008]).
Moreover, the Family Court’s determination that it is in the child’s best interest to award joint legal custody to the mother and maternal grandmother, while awarding sole physical custody to the maternal grandmother, is supported by a sound and substantial basis in the record, and we discern no basis to disturb it (see Matter of Flores v Flores, 91 AD3d at 870; Matter of Vargas v Vargas, 90 AD3d 1062, 1062 [2011]; Matter of Jumper v Hemphill, 75 AD3d at 508; Matter of LaBorde v Pennington, 60 AD3d 950, 951-952 [2009]; Matter of Gilchrest v Patterson, 55 AD3d at 834). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.