■ In the Matter of JUDY ANDRACCHI, Appellant, v JOHN REETZ, Respondent. [966 NYS2d 102]—

In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Dane, J.), dated February 24, 2012, which granted the father's application, made at the close of her case, to dismiss her petition for custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

After the death of the subject child's mother, the petitioner, the child's maternal aunt, commenced this proceeding seeking custody of the child. After conducting a hearing on the issue of extraordinary circumstances, the Family Court granted the application of the child's father, made at the close of the petitioner's case, to dismiss the petition.

As between a parent and a nonparent, the parent has a superior right to custody which cannot be denied absent a showing of surrender, abandonment, persisting neglect, unfitness, or other similar extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; Matter of Revis v Marzan, 100 AD3d 1004 [2012]; Matter of North v Yeagley, 96 AD3d 949 [2012]). A nonparent seeking custody of a child against the wishes of a parent has the initial burden of establishing the existence of extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of Ruiz-Thomas v Ruiz, 96 AD3d 859, 860 [2012]; Matter of Flores v Flores, 91 AD3d 869 [2012]). Once extraordinary circumstances are found, the court must then make the disposition that is in the best interests of the child (see Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of North v Yeagley, 96 AD3d at 950; Matter of Ruiz-Thomas v Ruiz, 96 AD3d at 860; Matter of Esposito v Shannon, 32 AD3d 471, 472 [2006]).

Here, the petitioner failed to establish the existence of extraordinary circumstances sufficient to warrant a hearing with regard to the child's best interests (see Matter of Revis v Marzan, 100 AD3d at 1004; Matter of Brown v Zuzierla, 73 AD3d 765 [2010]; Matter of Tolbert v Scott, 42 AD3d 548 [2007]).

The petitioner's argument that the Family Court erred in failing to, sua sponte, take judicial notice of prior orders issued in a related Family Court Act article 10 proceeding is unpreserved

for appellate review (*see* CPLR 5501). In any event, the court did consider the petitioner's testimony which related to the orders issued in that case.

Under the circumstances presented, the Family Court providently exercised its discretion in declining to conduct an in-camera interview of the child (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 273-274 [1969]; *Matter of Giannoulakis v Kounalis*, 97 AD3d 748 [2012]; *Matter of Martinez v Hyatt*, 86 AD3d 571 [2011]). Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.