Order, Family Court, Bronx County (James E. d’Auguste, J.), entered on or about April 11, 2012, which, to the extent appeal-able, after a hearing, found that extraordinary circumstances existed to permit petitioner, the maternal grandmother, to petition for custody of the subject child and to divest respondent father of custody, unanimously affirmed, without costs.
Family Court properly determined that the grandmother demonstrated the requisite extraordinary circumstances to seek custody (see Domestic Relations Law § 72 [2] [a]). Although the father has stated that he cares about the child’s future and wishes to raise her, the record demonstrates that he has not personally taken care of her since about one year following her birth. The child lived with her mother and grandmother until *415 her mother’s death and, thereafter, her grandmother assumed primary responsibility for her care. In 2010, the father moved to North Carolina and he thereafter visited his daughter only sporadically and would speak with her on the phone approximately three times per month. This prolonged separation between the father and his daughter, and his lack of involvement in her life, warranted a finding of extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 550 [1976]; Matter of Shemeek D. v Teresa B., 89 AD3d 608, 608-609 [1st Dept 2011]).
To the extent the father challenges the Family Court’s finding that it is in the best interests of the child to grant custody to the grandmother, it is not appealable since it was entered upon the father’s default (CPLR 5511; see Matter of Miguel R. v Wilda C., 74 AD3d 631 [1st Dept 2010]). In any event, the Family Court’s determination is supported by the requisite fair preponderance of the evidence (see Matter of Joseph S. v Michelle R.F., 3 AD3d 446, 447 [1st Dept 2004]). Concur—Tom, J.P., Friedman, Sweeny and Feinman, JJ.