■ In the Matter of DIANA B., Respondent, v LORRY B., Appellant. [976 NYS2d 115]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Stack, J.H.O.), dated June 11, 2012, as, after a hearing, granted the maternal grandmother's amended petition for custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances (*see*

*Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of North v Yeagley*, 96 AD3d 949, 950 [2012]; *Matter of Flores v Flores*, 91 AD3d 869, 869-870 [2012]; *Matter of Ruiz v Travis*, 84 AD3d 1242 [2011]; *Matter of Souza v Bennett*, 81 AD3d 836 [2011]; *Matter of LaBorde v Pennington*, 60 AD3d 950, 951 [2009]; *Matter of Silverman v Wagschal*, 35 AD3d 747, 748 [2006]; *Matter of Dellolio v Tracy*, 35 AD3d 737, 737-738 [2006]; *Matter of Campo v Chapman*, 24 AD3d 439 [2005]). Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent (*see Matter of Bennett v Jeffreys*, 40 NY2d at 548; *Matter of Revis v Marzan*, 100 AD3d 1004, 1005 [2012]; *Matter of North v Yeagley*, 96 AD3d at 950; *Matter of Jumper v Hemphill*, 75 AD3d 507, 508 [2010]; *Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]; *Matter of Campo v Chapman*, 24 AD3d at 440).

Contrary to the mother's contention, the Family Court properly determined that the maternal grandmother sustained her burden of demonstrating the existence of extraordinary circumstances. The evidence before the Family Court, which included testimony regarding the unstable and unsafe living situation the mother created for the subject child through her drug use and her physically and verbally abusive behavior toward the child, demonstrated the existence of extraordinary circumstances (*see Matter of North v Yeagley*, 96 AD3d at 950; *Matter of Robinson v McNair*, 90 AD3d 759, 760 [2011]). Moreover, the Family Court's determination that an award of custody to the maternal grandmother would be in the best interests of the child is supported by a sound and substantial basis in the record (*see Matter of North v Yeagley*, 96 AD3d at 950; *Matter of Flores v Flores*, 91 AD3d at 870). Rivera, J.P., Dillon, Roman and Miller, JJ., concur.