■ In the Matter of JUDY BAILEY, Appellant, v CURTIS CARR et al., Respondents. [4 NYS3d 121]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated May 31, 2013. The order, insofar as appealed from, granted the motion of the subject children, made at the close of the grandmother's case at a hearing on the issue of extraordinary circumstances, to dismiss the grandmother's custody petition for lack of standing.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Diana B. v Lorry B.*, 111 AD3d 927, 927-928 [2013]; *Matter of North v Yeagley*, 96 AD3d 949, 950 [2012]; *Matter of Flores v Flores*, 91 AD3d 869 [2012]; *Matter of Ruiz v Travis*, 84 AD3d 1242 [2011]; *Matter of LaBorde v Pennington*, 60 AD3d 950 [2009]). Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent (*see Matter of Bennett v Jeffreys*, 40 NY2d at 548; *Matter of Diana B. v Lorry B.*, 111 AD3d at 928; *Matter of Revis v Marzan*, 100 AD3d 1004 [2012]; *Matter of North v Yeagley*, 96 AD3d at 950).

Here, the Family Court's determination that the grandmother failed to establish extraordinary circumstances conferring standing to seek custody of the subject children was supported by a sound and substantial basis in the record and will not be disturbed (*see Matter of Jiminez v Jiminez*, 57 AD3d 781 [2008]). Contrary to the grandmother's contention, she failed to

establish extraordinary circumstances by virtue of an extended disruption of custody pursuant to Domestic Relations Law § 72 (2) (*see Matter of Rush v Roscoe*, 99 AD3d 1053 [2012]; *Matter of Tolbert v Scott*, 42 AD3d 548 [2007]; *cf. Matter of DiBenedetto v DiBenedetto*, 108 AD3d 531 [2013]; *Matter of Wright v Wright*, 81 AD3d 740, 741 [2011]; *Matter of Gilchrest v Patterson*, 55 AD3d 833 [2008]). Moreover, the grandmother failed to show that either the father of two of the children or the father of the third child provided unstable and unsafe living situations for the children (*cf. Matter of Diana B. v Lorry B.*, 111 AD3d at 928; *Matter of North v Yeagley*, 96 AD3d 949 [2012]). A parent cannot be displaced merely because another person would do a "better job" of raising the child (*Matter of Bennett v Jeffreys*, 40 NY2d at 548 [internal quotation marks omitted]; *see Matter of Corey L v Martin L*, 45 NY2d 383, 391 [1978]; *Matter of Aylward v Bailey*, 91 AD3d 1135 [2012]; *Matter of McGraw v McGraw*, 258 AD2d 464 [1999]), or because the child has bonded psychologically with the nonparent (*see Matter of Jody H. v Lynn M.*, 43 AD3d 1318 [2007]; *Matter of Esposito v Shannon*, 32 AD3d 471, 472-473 [2006]; *Matter of Cambridge v Cambridge*, 13 AD3d 443 [2004]).

The grandmother's contention that she was deprived of a fair hearing by the Family Court's failure to direct forensic evaluations or to hold in camera interviews with the children is unpreserved for appellate review. In any event, the Family Court possessed sufficient information to enable it to render its determination without forensic evaluations or in camera interviews (*see Matter of Andracchi v Reetz*, 106 AD3d 734 [2013]; *Matter of Solovay v Solovay*, 94 AD3d 898, 900 [2012]; *Matter of Rhodie v Nathan*, 67 AD3d 687 [2009]), and the grandmother was not deprived of a fair hearing.

The grandmother's remaining contention is without merit. Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.