■ In the Matter of YASMIN CULBERSON, Respondent, v JANET FISHER, Appellant. (Proceeding No. 1.) In the Matter of YASMIN CULBERSON, Respondent, v HORACE TAYLOR, Respondent. (Proceeding No. 2.) In the Matter of WALTER CULBERSON, Respondent, v JANET FISHER, Appellant. (Proceeding No. 3.) In the Matter of WALTER CULBERSON, Respondent, v HORACE TAYLOR, Respondent. (Proceeding No. 4.) In the Matter of JANET FISHER, Appellant, v YASMIN CULBERSON, Respondent. (Proceeding No. 5.) In the Matter of JANET FISHER, Appellant, v LEVI CULBERSON, Respondent. (Proceeding No. 6.) [12 NYS3d 544]—

Appeal from an order of the Family Court, Westchester County (Janet Malone, J.), dated June 3, 2014. The order, insofar as appealed from, after a hearing, granted the petitions of the nonparents Yasmin Culberson and Walter Culberson for sole legal and residential custody of the subject child, denied the petition of the mother for sole legal and residential custody of the child, and directed that the mother would have parenting time with the child only in Westchester County, unless otherwise agreed to by the parties.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In a custody proceeding between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Herrera v Vallejo*, 107 AD3d 714, 714 [2013]; *Matter of Flores v Flores*, 91 AD3d 869, 869-870 [2012]; *Matter of Robinson v McNair*, 90 AD3d 759, 760 [2011]). The burden is on the nonparent to prove the existence of extraordinary circumstances (*see Matter of Darlene T.*, 28 NY2d 391, 394 [1971]; *Matter of Ruiz v Travis*, 84 AD3d 1242, 1242 [2011]). Where extraordinary circumstances are found to exist, the court must then consider the best interests of the child in awarding custody (*see Matter of Bennett v Jeffreys*, 40 NY2d at 548; *Matter of Jerrina P. [June H.—Shondell N.P.]*, 126 AD3d 980, 981 [2015]; *Matter of Flores v Flores*, 91 AD3d at 870).

Here, the Family Court properly determined that the nonparent petitioners, Yasmin Culberson and Walter Culberson, sustained their burden of demonstrating extraordinary circumstances based upon, inter alia, the mother's prolonged separation from the subject child and lack of significant involvement in the child's life for a period of time, the mother's failure to contribute to the child's financial support, and the strong emotional bond between the child and the nonparent petitioners (*see Matter of Jerrina P. [June H.—Shondell N.P.]*, 126 AD3d at 981; *Matter of Colon v Delgado*, 106 AD3d 414, 415 [2013]; *Matter of Robinson v McNair*, 90 AD3d at 760; *Matter of Shemeek D. v Teresa B.*, 89 AD3d 608 [2011]; *Matter of Holmes v Glover*, 68 AD3d 868, 869 [2009]; *Matter of Barcellos v Warren-Kidd*, 57 AD3d 984, 985 [2008]). Moreover, the Family Court's determination that an award of custody to the nonparent petitioners would be in the best interests of the child is supported by a sound and substantial basis in the rec-

ord (*see Matter of DiBenedetto v DiBenedetto*, 108 AD3d 531, 532-533 [2013]; *Matter of Herrera v Vallejo*, 107 AD3d at 714; *Matter of Flores v Flores*, 91 AD3d at 870; *Matter of Robinson v McNair*, 90 AD3d at 761; *Matter of Jumper v Hemphill*, 75 AD3d 507, 508 [2010]; *Matter of Barcellos v Warren-Kidd*, 57 AD3d at 985).

There is no merit to the mother's contention that the Family Court erred in failing to conduct a bifurcated hearing as to the issues of standing and the best interests of the child, as the record demonstrates that the court was aware of and applied the proper legal standards (*see generally Matter of Bennett v Jeffreys*, 40 NY2d at 548). In addition, the mother failed to preserve for appellate review her contention that she was improperly prevented from calling hearing witnesses. In any event, the record does not show that the court improperly prevented the mother from calling any witnesses (*see generally Matter of Tayleese M.C. [Tunisha H.]*, 127 AD3d 1077 [2015]).

In light of, inter alia, the fact that the mother relocated to Florida during the custody hearing without presenting evidence as to her living situation, employment, or plans to remain in Florida, as well as the in camera interview with the child, the Family Court did not improvidently exercise its discretion in directing that the mother's parenting time is to occur only in Westchester County, unless otherwise agreed to by the parties (*see Matter of Mera v Rodriguez*, 73 AD3d 1069, 1070 [2010]; *see also Matter of Mohabir v Singh*, 78 AD3d 1056, 1057 [2010]). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.