■ In the Matter of TAWANETTE MERCADO, Appellant, v CHERYL SMITH, Respondent. [20 NYS3d 140]—Appeal from an order of the Family Court, Kings County (Carol J. Goldstein, Ct. Atty. Ref.), dated July 16, 2012. The order, insofar as appealed from, denied the mother's petition for sole legal and physical custody of the child, and awarded the respondent Cheryl Smith sole physical and legal custody of the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"In a . . . custody [proceeding] between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (*Matter of Diana B. v Lorry B.*, 111 AD3d 927, 927 [2013]; *see Matter of Flores v Flores*, 91 AD3d 869, 869-870 [2012]). This rule applies even when, as in this case, a prior order granting custody of a child to a nonparent was issued on consent of the parties (*see Matter of LaBorde v Pennington*, 60

AD3d 950, 951-952 [2009]; *Matter of Cockrell v Burke*, 50 AD3d 895, 896 [2008]). The party seeking to deprive the natural parent of custody bears the burden of establishing the existence of extraordinary circumstances (*see Matter of Cambridge v Cambridge*, 13 AD3d 443, 443-444 [2004]). Even when the nonparent satisfies that burden, the natural parent may not be deprived of custody unless the court then determines that placing custody with the nonparent is in the best interests of the child (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548-549 [1976]; *Matter of Culberson v Fisher*, 130 AD3d 827, 827 [2015]; *Matter of Wright v Wright*, 81 AD3d 740, 741 [2011]).

Here, the Family Court properly determined that the respondent sustained her burden of demonstrating the existence of extraordinary circumstances (*see Matter of Culberson v Fisher*, 130 AD3d at 828; *Matter of Flores v Flores*, 91 AD3d at 870). Additionally, the Family Court's determination that the best interests of the child would be served by an award of custody to the respondent is supported by a sound and substantial basis in the record and, therefore, we decline to disturb it (*see Matter of Culberson v Fisher*, 130 AD3d at 828-829; *Matter of Diana B. v Lorry B.*, 111 AD3d at 928). Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.