■ In the Matter of SYBIL NEGRON, Respondent, v REILUIS MEDINA, Appellant, and KOBY MALDONADO, Respondent. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Nonparty Respondent. [41 NYS3d 74]—

Appeal by the father from an order of the Family Court, Westchester County (Maria-Alana Recine, Ct. Atty. Ref.), entered June 26, 2015. The order, insofar as appealed from, granted the custody petition of Sybil Negron and awarded her sole custody of the subject children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The subject children were found to be neglected, were removed from the care of their mother and father, and placed in the care of their maternal aunt, Sybil Negron. Subsequently, Negron petitioned for custody of the children. After a hearing, the Family Court determined that Negron established extraordinary circumstances and that it would be in the best interests of the children to award sole custody to Negron.

"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfit-

ness, or other like extraordinary circumstances. Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody" (*Matter of Rochelle C. v Bridget C.*, 140 AD3d 749-750 [2016] [internal quotation marks omitted]; *see Matter of North v Yeagley*, 96 AD3d 949, 950 [2012]). "The burden of proof is on the nonparent to prove such extraordinary circumstances" (*Matter of Laura M. v Nicole N.*, 143 AD3d 722, 722 [2d Dept 2016]; *see Matter of Tristram K.*, 25 AD3d 222, 226 [2005]).

Contrary to the father's contention, the Family Court properly determined that Negron sustained her burden of demonstrating extraordinary circumstances (*see Matter of Mercado v Smith*, 133 AD3d 762, 763 [2015]; *Matter of Culberson v Fisher*, 130 AD3d 827, 828 [2015]; *Matter of Flores v Flores*, 91 AD3d 869, 870 [2012]). Moreover, the court's determination that an award of custody to Negron would be in the best interests of the subject children is supported by a sound and substantial basis in the record (*see Matter of Mercado v Smith*, 133 AD3d at 763; *Matter of Culberson v Fisher*, 130 AD3d at 828-829; *Matter of Flores v Flores*, 91 AD3d at 870). Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.