Matter of Jaylanisa M.A. (Christopher A.) (2018 NY Slip Op 00226)





Matter of Jaylanisa M.A. (Christopher A.)


2018 NY Slip Op 00226


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5428

[*1]In re Jaylanisa M. A., Christopher A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Max O. McCann of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, Bronx County (Michael Milsap, J.), entered on or about September 27, 2016, which, after a hearing, granted the maternal cousin/foster mother's petition to be appointed kinship guardian of the subject child, unanimously affirmed, without costs.
The child was placed in the care of the foster mother when she was about two weeks old, and has remained in her care. After the child's removal from the birth mother's custody, a finding of neglect was entered against the birth mother.
The foster mother had standing to seek kinship guardianship without appellant's consent (Family Ct Act § 1055-b). Extraordinary circumstances were established based on the undisputed fact that the birth mother and appellant, who purports to be the father, were living in a tent under a highway overpass (Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]). Appellant's prolonged separation from the child and failure to assume a parental role also constituted extraordinary circumstances (see Matter of Colon v Delgado, 106 AD3d 414, 414-415 [1st Dept 2013]; Matter of Dianne M. v Princess R.F., 82 AD3d 481 [1st Dept 2011]). The grant of guardianship to the foster mother clearly was in the best interests of the child (Matter of Louis N. (Dawn O.), 98 AD3d 918, 919 [1st Dept 2012]; Matter of Dianne M. v Princess R.F., 82 AD3d at 481; Family Ct Act § 1055-b).
Appellant's argument that his due process rights were violated is waived, since he did not raise it in the Family Court and it does not pose a pure question of law appearing on the face of the record which could not have been avoided (Gonzalez v New York City Health & Hosps. Corp., 29 AD3d 369, 370 [1st Dept 2006]). Even if we were to consider this argument, it is unavailing. On the present record, appellant has not established by clear and convincing evidence that he has standing to seek visitation or custody. It is undisputed that the birth mother and appellant were never married (cf. Matter of Maria-Irene D. [Carlos A.-Han Ming T.], 153 AD3d 1203, 1205 [1st Dept 2017]), and appellant never filed a paternity petition or acknowledgment of paternity. Moreover, appellant has not proved by clear and convincing evidence that he and the mother agreed to conceive and raise the child together, or that the mother consented to the post-conception creation of a parent-like relationship between appellant and the child (see Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 27-28 [2016]; cf. Frank G. v Renee P.-F, 142 AD3d 928, 930-931 [2d Dept 2016], lv dismissed 28 NY3d 1050 [2016]). If the child ever lived with appellant, and the record does not demonstrate that she did, he certainly has not done so since the child was placed in foster care at the age of two weeks, and he [*2]does not assert that he took steps to establish a parental relationship with, or to provide support for her.
The record shows that appellant had meaningful legal representation at the guardianship hearing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK