Matter of Asharia W. (Maisha H.) (2025 NY Slip Op 00456)

Matter of Asharia W. (Maisha H.)

2025 NY Slip Op 00456

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-09262
2022-09263
2022-09265
2022-09427
 (Docket Nos. N-11781-6, V-10790-16, V-10791-16, V-21976-16)

[*1]In the Matter of Asharia W. (Anonymous). Administration for Children's Services, respondent; Maisha H. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Whilma H. (Anonymous), petitioner-respondent, Maisha H. (Anonymous), respondent-appellant, Timothy W. (Anonymous), respondent-respondent. (Proceeding No. 2) In the Matter of Timothy W. (Anonymous), petitioner-respondent, v Maisha H. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3) In the Matter of Whilma H. (Anonymous), petitioner-appellant, v Bill A.-G. (Anonymous), respondent, Maisha H. (Anonymous), respondent-respondent. (Proceeding No. 4)

Lewis S. Calderon, Jamaica, NY, for Maisha H.
Mark Diamond, Pound Ridge, NY, for Whilma H.
Patricia A. Carrington, Brooklyn, NY, for Timothy W.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jane L. Gordon and Lorenzo Di Silvio of counsel), for Administration for Children's Services.
Liberty Aldrich, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 10, (1) the mother, [*2]Maisha H., appeals, and the maternal great-grandmother, Whilma H., cross-appeals, from a decision of the Family Court, Kings County (Erik S. Pitchal, J.), dated November 1, 2022, (2) the mother appeals from an order and a permanency hearing order of the same court, both dated November 1, 2022, and (3) the maternal great-grandmother appeals from an order of the same court, also dated November 1, 2022. The first order, insofar as appealed from, upon the decision, made after a hearing, awarded the maternal great-grandmother and the father, Timothy W., joint legal custody of the child Asharia W. The permanency hearing order, upon the decision, made after a hearing, placed the child Asharia W. into the custody of the maternal great-grandmother and the father pursuant to Family Court Act § 1089-a. The second order, insofar as appealed from, upon the decision, made after a hearing, denied the maternal great-grandmother's petition for custody of the child Giomari H.
ORDERED that the appeal and cross-appeal from the decision are dismissed, without costs or disbursements, as no appeal lies from a decision (see Matter of Ariana M. [Edward M.], 179 AD3d 923); and it is further,
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the permanency hearing order is affirmed, without costs or disbursements.
The mother and the father are the parents of the child Asharia W. The mother is also the parent of the child Giomari H.
In 2016, the maternal great-grandmother filed a petition for custody of Asharia and a separate petition for custody of Giomari, alleging that the mother had left the subject children at the maternal great-grandmother's home without warning and had not come back for them. Also, in 2016, the Administration for Children's Services commenced a neglect proceeding alleging that the mother neglected Asharia. The father thereafter filed a petition for custody of Asharia. In 2017, the Family Court found that the mother neglected Asharia. Between 2021 and 2022, the court held a combined hearing on the custody petitions and permanency hearing over 15 days, in which it took the testimony of the maternal great-grandmother, the mother, and the father, among others. The court additionally conducted in camera interviews with the two children. In an order dated November 1, 2022, upon a decision dated November 1, 2022, made after the hearing, the court, inter alia, awarded the maternal great-grandmother and the father joint legal custody of Asharia. In a permanency hearing order dated November 1, 2022, upon the decision, made after the hearing, the court placed the child Asharia into the custody of the maternal great-grandmother and the father pursuant to Family Court Act § 1089-a. In a second order, also dated November 1, 2022, upon the decision, made after the hearing, the court denied the maternal great-grandmother's petition for custody of Giomari but awarded her certain visitation with Giomari.
"In a . . . custody [proceeding] between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (Matter of Diana B. v Lorry B., 111 AD3d 927, 927; see Matter of Flores v Flores, 91 AD3d 869, 869-870). The nonparent party seeking custody bears the burden of establishing the existence of extraordinary circumstances (see Matter of Cambridge v Cambridge, 13 AD3d 443, 443-444). Even when the nonparent satisfies that burden, the court must determine whether placing custody with the nonparent is in the best interests of the child (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548-549; Matter of Culberson v Fisher, 130 AD3d 827, 828).
Here, the Family Court properly determined that the maternal great-grandmother sustained her burden of demonstrating the existence of extraordinary circumstances (see Matter of Culberson v Fisher, 130 AD3d at 828; Matter of Flores v Flores, 91 AD3d at 870). The court's determination that the best interests of Asharia would be served by an award of joint legal custody to the maternal great-grandmother and the father is supported by a sound and substantial basis in the [*3]record and, therefore, we decline to disturb it (see Matter of Ferrson v Dixon, 215 AD3d 834, 835; Matter of Culberson v Fisher, 130 AD3d at 828-829).
The Family Court's further determination to deny the maternal great-grandmother's petition for custody of Giomari has a sound and substantial basis in the record. "[W]hile courts should be reluctant to separate siblings, there are circumstances in which the best interest of each child lies with a different parent" (Matter of Gulzar v Gulzar, 173 AD3d 1183, 1184 [citation and internal quotation marks omitted]; see Matter of Olimpia M. v Steven M., 228 AD2d 270). Here, the evidence established that the best interests of Giomari would not be served by an award of custody to the maternal great-grandmother. Rather, the court appropriately awarded the maternal great-grandmother visitation with Giomari in her home on the weekends when Asharia was also in the home, thus, providing for substantial contact between the siblings.
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.

2022-09262 DECISION & ORDER ON MOTION
2022-09263
2022-09265
2022-09427
In the Matter of Asharia W. (Anonymous).
Administration for Children's Services,
respondent; Maisha H. (Anonymous), appellant.
(Proceeding No. 1)
In the Matter of Whilma H. (Anonymous),
petitioner-respondent, v Maisha H. (Anonymous),
respondent-appellant, Timothy W. (Anonymous),
respondent-respondent.
(Proceeding No. 2)
In the Matter of Timothy W. (Anonymous),
petitioner-respondent, v Maisha H. (Anonymous),
respondent-appellant, et al., respondent.
(Proceeding No. 3)
In the Matter of Whilma H. (Anonymous),
petitioner-appellant, v Bill A.-G. (Anonymous),
respondent, Maisha H. (Anonymous),
respondent-respondent.
(Proceeding No. 4)
(Docket Nos. N-11781-6, V-10790-16, V-10791-16,
V-21976-16)

Motion by Maisha H. to strike stated portions of the brief of Whilma H. on the ground that they refer to matters dehors the record. By decision and order on motion of this Court dated December 8, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross-appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals and cross-appeal, it is
ORDERED that the motion to strike stated portions of the brief of Whilma H. is granted to the extent that the following portions of the brief of Whilma H. are stricken and have not [*4]been considered in the determination of the appeal: (1) the sentence on page 10 beginning with "The court" and ending with "Whilma"; (2) the sentence in the first paragraph of page 11 beginning with "Maisha" and ending with "Asharia"; (3) the sentence beginning at the bottom of page 12 with the words "On March 28, 2019" through the ending at the top of page 13 with the word "Hakeem"; and (4) the sentence on page 13 beginning with "There was sufficient evidence" and ending with "the children"; and it is further,
ORDERED that the motion is otherwise denied.
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court