Matter of Haas-Gatel v Green (2025 NY Slip Op 05811)

Matter of Haas-Gatel v Green

2025 NY Slip Op 05811

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
HELEN VOUTSINAS
SUSAN QUIRK, JJ.

2024-01350

[*1]In the Matter of Laura Haas-Gatel, et al., respondents-appellants, 
v
Tina Green, appellant-respondent, et al., respondents. Docket Nos. (V-955-22, V-956-22, V-957-22, V-958-22, V-962-22) Arza R. Feldman, Manhasset, NY, for appellant-respondent.

The Virdone Law Firm, P.C., Westbury, NY (John Virdone of counsel), for respondents-appellants.
Glenn Gucciardo, Northport, NY, attorney for the child Armani C.
Mark A. Peterson, Smithtown, NY, attorney for the child Kali C.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals, and the maternal grandparents cross-appeal, from a corrected order of the Family Court, Suffolk County (Victoria Gumbs-Moore, J.), dated January 25, 2024. The corrected order, insofar as appealed from, after a hearing, awarded sole legal and physical custody of the children to the maternal grandparents. The corrected order, insofar as cross-appealed from, directed that the mother and the children participate in family counseling and awarded the mother holiday parental access of six hours on Thanksgiving, Christmas, and New Year's Day each year with the child Kali C.
ORDERED that the corrected order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The mother and Rafael C. are the parents of the subject children, Armani C. and Kali C. In 2022, the maternal grandparents commenced these proceedings pursuant to Family Court Act article 6 for custody of the children, alleging that the mother was unfit and had persistently neglected the children based on a long history of suicide attempts, erratic behavior, reckless driving, substance abuse, and physical altercations with the police. Rafael C. did not appear in these proceedings. In a corrected order dated January 25, 2024, after a hearing, the Family Court, inter alia, awarded sole legal and physical custody of the children to the maternal grandparents, directed that the mother and the children participate in family counseling, and awarded the mother holiday parental access of six hours on Thanksgiving, Christmas, and New Year's Day each year with the child Kali C.
"In a . . . custody [proceeding] between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other [*2]extraordinary circumstances" (Matter of Diana B. v Lorry B., 111 AD3d 927, 927; see Matter of Flores v Flores, 91 AD3d 869, 869-870). The nonparent party seeking custody bears the burden of establishing the existence of extraordinary circumstances (see Matter of Asharia W. [Maisha H.], 234 AD3d 979, 981; Matter of Cambridge v Cambridge, 13 AD3d 443, 443-444). Even when the nonparent satisfies that burden, the court must determine whether placing custody with the nonparent is in the best interests of the child (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548-549; Matter of Culberson v Fisher, 130 AD3d 827, 828; Matter of Wright v Wright, 81 AD3d 740, 741).
Here, the Family Court properly determined that the maternal grandparents sustained their burden of demonstrating the existence of extraordinary circumstances as to the mother (see Matter of Asharia W. [Maisha H.], 234 AD3d 979, 981; Matter of Culberson v Fisher, 130 AD3d at 828; Matter of Flores v Flores, 91 AD3d at 870). The court's determination that the best interests of the children would be served by an award of sole legal and physical custody to the maternal grandparents is supported by a sound and substantial basis in the record and, therefore, we decline to disturb it (see Matter of Culberson v Fisher, 130 AD3d at 828-829; Matter of Diana B. v Lorry B., 111 AD3d at 928).
The mother's contention that she was deprived of the effective assistance of counsel rests partially on matter which is dehors the record and, thus, is not properly before this Court (see Matter of Buljeta v Fuchs, 209 AD3d 730, 732; Matter of Leila I. [Marie V.A.], 191 AD3d 878). To the extent this claim can be reviewed, the record, viewed in totality, reveals that the mother received meaningful representation (see Matter of Lazaroff v Acevedo, 193 AD3d 738, 739).
The maternal grandparents contend that the Family Court erred in directing that the mother and the children participate in family counseling rather than in therapeutic parental access. This contention is without merit. The determination of parental access is within the sound discretion of the trial court, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Hansen v Balkaran, 111 AD3d 827, 828). Under the circumstances of this case, including that the court directed that the mother's parental access with the child Armani C. be supervised, the court did not improvidently exercise its discretion in directing that the mother and the children participate in family counseling (see Matter of Boggio v Boggio, 96 AD3d 834).
The maternal grandparents' contention that the Family Court erred in awarding the mother holiday parental access with the child Kali C. for six hours on Thanksgiving, Christmas, and New Year's Day every year, instead of in alternating years, is without merit. The court's determination had a sound and substantial basis in the record and, therefore, should not be disturbed (see Matter of Cruz v Williams, 239 AD3d 847).
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court