Matter of Otero v Alvarez
2026 NY Slip Op 03676
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Helen Otero, petitioner-respondent, Estate of
v
Carlos Alvarez, respondent, Gloria Luciano, appellant. (Proceeding No. 1)
In the Matter of Helen Otero, petitioner-respondent,
v
Gloria Luciano, appellant, et al., respondent. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-06506, 2024-06516, (Docket Nos. V-4597-23, V-4598-23)
Francesca E. Connolly, J.P.
Linda Christopher
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Gloria Luciano, Walden, NY, appellant pro se.
Bonnie Brennan, New Windsor, NY, for petitioner-respondent.
Andrew W. Szczesniak, White Plains, NY, attorney for the children.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Orange County (James M. Hendry III, J.), dated July 12, 2024, and (2) an order of the same court also dated July 12, 2024. The first order, insofar as appealed from, after a hearing, granted the maternal grandmother's petitions for sole legal and physical custody of the subject children, with parental access to the mother. The second order, insofar as appealed from, granted the same relief to the maternal grandmother and set forth a parental access schedule for the mother.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
In 2023, the maternal grandmother of the subject children commenced these related proceedings pursuant to Family Court Act article 6 for sole legal and physical custody of the children, alleging that the children's mother was behaving erratically and experiencing significant mental health issues. The older child's father is deceased, and the younger child's father did not file a petition for custody. In an order dated July 12, 2024, the Family Court, after a hearing, inter alia, granted the maternal grandmother's petitions, with parental access to the mother. In a second order also dated July 12, 2024, the court, among other things, granted the same relief to the maternal grandmother and set forth a parental access schedule for the mother. The mother appeals.
In a child custody dispute between a parent and a nonparent, "the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or similar [*2]extraordinary circumstances" (Matter of Jamison v Britton, 141 AD3d 522, 524; see Matter of Bennett v Jeffreys, 40 NY2d 543, 546). The nonparent party seeking custody bears the burden of establishing the existence of extraordinary circumstances (see Matter of Cambridge v Cambridge, 13 AD3d 443, 443-444). Even when the nonparent satisfies that burden, the court must determine whether placing custody with the nonparent is in the best interests of the child (see Matter of Bennett v Jeffreys, 40 NY2d at 548-549; Matter of Culberson v Fisher, 130 AD3d 827, 828).
Here, the Family Court properly determined that the maternal grandmother sustained her burden of demonstrating the existence of extraordinary circumstances (see Matter of Viola J. v Baron A., 246 AD3d 804, 806; Matter of Haas-Gatel v Green, 242 AD3d 1096, 1098). The evidence established that the mother exposed the children to domestic violence and used excessive corporal punishment to discipline the children (see Matter of Sofia S.S. [Goldie M.—Elizabeth C.], 145 AD3d 787, 789; Matter of Robinson v McNair, 90 AD3d 759, 760). Further, the evidence established that the mother suffered from a mental health condition, yet lacked insight into her condition and failed to comply with treatment (see Matter of Joel T. v Miriam T., 163 AD3d 828, 829; Matter of Kaylub T. [Erik C.—Mandy C.], 150 AD3d 862, 862-863).
Contrary to the mother's contention, the Family Court's determination that an award of sole legal and physical custody of the children to the maternal grandmother was in the best interests of the children is supported by a sound and substantial basis in the record, and therefore, we decline to disturb it (see Matter of Viola J. v Baron A., 246 AD3d at 806; Matter of Haas-Gatel v Green, 242 AD3d at 1097-1098; Matter of Brown v Elfaiz, 191 AD3d 871, 872).
CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court